The West End and Atlanta Street Railway Company
*vs.* Mozely.

1. Where suit was brought against a street railway company to recover for an injury alleged to have been received by a passenger in leaving a car, it was error to charge the jury that "if the plaintiff rang the bell as a signal to the driver to stop, and the car stopped, and the plaintiff, without fault on his part, was in the act of alighting, and before he had completely left the car,—as by having one foot upon the ground and one still on the step—the car suddenly started forward at the will of the driver, and the plaintiff was, by reason of the start or jerk, thrown to the ground and injured, the defend-ant would be liable." Such a charge was equivalent to instruct-ing the jury that the facts recited would show the defendant to be negligent. Whether or not the defendant was negligent, was a question for the jury.

2. It was also error to charge as follows: "If the plaintiff signalled the driver to stop, and the driver did not stop so as to allow the plain-tiff reasonable opportunity to alight with safety, but the driver only slackened his speed, and the plaintiff, to avoid being carried be-yond his destination, and availing himself of what opportunity was afforded him to alight, endeavored to get off the car while in

motion and was thrown by a sudden jerk of the car, the de-fendant would be liable, provided you believe from the evidence that the driver was negligent in not stopping the car altogether." This charge should have been further qualified by saying, if the jury further believed that the plaintiff used all reasonable and or-dinary care and diligence to avoid the consequences of the de-fendant's negligence to himself.

October 14, 1887.

Railroads. Damages. Negligence. Charge of Court. Before Judge VAN EPPS. City Court of Atlanta. December Term, 1886.

Reported in the decision.

BROYLES & JOHNSTON, for plaintiff in error.

WIMBISH & WALKER; J. H. LUMPKIN, for defendant.

BLANDFORD, Justice.

Mozely brought an action against this company, claiming damages for injuries which he alleged he sustained in getting off the cars of the defendant. There was a great deal of evidence introduced on both sides. The evidence was very conflicting, and would authorize a verdict for either party in the case; the jury could have found for one as well as for the other. A motion for new trial was made on certain grounds by the company, the verdict having gone against them. It is only necessary to notice two of these grounds:

1. The court charged the jury : " If the plaintiff rang the bell as a signal to the driver to stop, and the car stopped, and the plaintiff, without fault on his part, was in the act of alighting, and before he had completely left the car,— as by having one foot upon the ground and one still on the step—the car suddenly started forward at the will of the driver, and the plaintiff was, by reason of the start

or jerk, thrown to the ground and injured, the defendant would be liable." We think this charge was error. It took from the jury the consideration of the great fact in the case, whether the defendant was guilty of negligence in thus doing; it was for the jury to say whether these facts made the defendant negligent. They were the legal alchemists, as has been said by a distinguished member of this court, to determine what was and what was not negligence. It was not for the court. This charge is equivalent to telling the jury that this thing took place when the defendant was negligent. His saying the defendant would be liable is equivalent to saying the plaintiff could recover.

2. The next charge excepted to is the following: "If the plaintiff signalled the driver to stop, and the driver did not stop, so as to allow the plaintiff reasonable opportunity to alight with safety, but only slackened his speed, and the plaintiff, to avoid being carried beyond his destination, and availing himself of what opportunity was afforded him to alight, endeavored to get off the car while in motion, and was thrown by a sudden jerk of the car, the defendant would be liable, provided you believe from the evidence that the driver was negligent in not stopping the car altogether." We think also that this charge was error; because the court should have further qualified it by saying, if the jury further believed that the plaintiff used all reasonable and ordinary care and diligence to avoid the consequences of the defendant's negligence to himself. We think it was error to give the charge without more.

The judgment of the court below is reversed.