Covington *vs.* The Western & Atlantic Railroad Co.

Covington *vs.* The Western & Atlantic Railroad Co.

<div style="float:right">81 273<br>96 43<br>81 273<br>107 138<br>81 273<br>f113 299<br>113 363<br>81 273<br>125 519</div>

1. Where the plaintiff, who testified in his own behalf, did not testify that he acted under any excitement when he jumped from the train, and there was no allegation in his declaration on the subject, it was not error to refuse to give a charge to the jury based upon the legal effect of such excitement, as tending to excuse what might otherwise be considered a rash act.
2. A charge which takes from the consideration of the jury the question of whether jumping from a moving train was an act of negligence or not, is erroneous.
3. The only question which is involved in this case is, whether the railroad company stopped its train a reasonably sufficient time to allow the plaintiff, a passenger, to alight in safety. If it did, and he jumped off the train after it was again in motion, he cannot recover. If it did not, and if in attempting to get off he was not guilty of such negligence as to bar his right to recover, he would be entitled to recover such damages as he may have sustained.

May 11, 1888.

Railroads. Damages. Negligence. Passengers. Charge of court. Before Judge Fain. Gordon superior court. August term, 1887.

Reported in the decision.

T. C. Milner and J. M. Neel, for plaintiff.

McCutchen & Shumate, R. J. McCamy and O. N. Starr, for defendant.

BLANDFORD, Justice.

The injury to the plaintiff is alleged to have resulted from the failure of the defendant to stop the train at the station a sufficient time to allow him to alight from it in safety.

1. The first ground of the amended motion for new trial is, that the court refused to give the following charge as requested: " The law allows you to take account of the excitement under which an act is done, even where the party is not menaced with bodily hurt, if the circumstances are such as naturally to produce excitement in a prudent person."

We cannot say that this is not good law in the abstract; but we do not think it is strictly applicable to the facts of this case. The plaintiff, who testified as a witness, did not testify as to any excitement he was under at the time he jumped from the train; nor does the declaration state anything in reference thereto. Hence we cannot say that the court committed such an error in refusing to give this charge as would warrant us in reversing the judgment of the court below.

The second ground is, that the court refused to charge " that if, by defendant's negligence, plaintiff was placed in the midst of circumstances calculated to excite and throw a man of ordinary prudence off his guard, and there was a sudden necessity for him to decide, without time for reflection, then his failure to act with perfect calmness and self-possession might not render him culpably negligent or wanting in ordinary care, even though he acted more unwisely than a man of ordinary prudence perfectly cool and self-possessed would have acted; that the law allows the jury to take account of the excitement under which an act is done, even where the party is not menaced with bodily hurt, if the circumstances

are such as naturally to produce excitement in a prudent person." What we have said in reference to the preceding ground will apply also to this ground of the motion. While in a proper case made this would be a proper charge for the jury, we do not think that the refusal of the court to give it in charge in this case is such error as to demand a reversal.

2. The last ground of the motion is, that the court charged: "If defendant's agents were guilty of negligence in failing to stop the train a reasonably sufficient time to allow plaintiff to get off, and after the train was in motion at a speed which made it unsafe for plaintiff to jump off in the dark, and under the circumstances, if plaintiff of his own motion jumped off the train and was thus injured, then he could not recover."

We think this charge was error. It took from the consideration of the jury the question of whether the jumping from the train under such circumstances was an act of negligence or of ordinary care and diligence. That was a question for the jury and not for the court. See *West End and Atlanta Street Railroad Company vs. Mozely*, decided at the last term of this court, (79 *Ga.* 463,) where a similar charge was held to be error. We have repeatedly decided that the question of what is or is not negligence, in cases of this sort, is exclusively for the jury. It is a mixed question of law and fact which the jury must settle for itself.

3. If this case had been tried upon a right theory, I do not know that we would grant a new trial even upon this ground, under the facts of the case. But it appears to us that the case was not tried upon the true theory. The main question in this case is, whether the railroad company stopped its train a reasonably sufficient time to allow the plaintiff to depart from the train in safety. If it did, and he jumped off the train after it was again

in motion, he cannot recover.    If it did not stop a sufficient time, and if in attempting to get off he was guilty of no negligence, or not such negligence as to bar his right to recover, then he would be entitled to such damages as he may have sustained.    That is the only question that need have been submitted to the jury by the court.    As to the fact whether the train stopped a sufficient time, the witnesses for the plaintiff and defendant differed.    The employés of the railroad testified that the train stopped several minutes, and that the time was sufficient; some of the passengers testified that it stopped about a minute.    The court should have left to the jury for their determination the question of whether the time was sufficient or not.    If the time was sufficient, he could not recover.    If the time was not sufficient, and he attempted to alight after the train started, and was not guilty of such negligence in so doing as would bar his right to recover, he could recover. Or it may be that he contributed in some measure to the injury; and that is a question for the jury.    If there was contributory negligence on his part, the jury could set it off against the negligence of defendant, and award the damages accordingly.

While we do not feel inclined to reverse the judgment (for it appears to us that the verdict is sustained by the evidence), yet we feel constrained to do so under the facts of this case.

Judgment reversed.