GEORGIA RAILROAD & BANKING CO. *v.* CLARY.

In the trial of an action against a railroad company for damages claimed to
have been sustained by the killing of a horse upon the track of the com-
pany, 135 yards beyond a public-road crossing, it was error to charge the
jury as follows: "If, at the time or after the engine reached the blow-
post for this crossing, the horse came upon the railroad-crossing and the
engineer did not blow the whistle of his engine and did not slacken the
speed of his train, and if by blowing the whistle and slackening the speed
of his train the accident could have been avoided, that would be a lack
of diligence for which the railroad company would be liable."    Such a
charge was equivalent to instructing the jury that the facts recited would
show the defendant company to have been negligent.    Whether or not
the defendant company was negligent was a question for the jury.

Submitted January 22, — Decided March 23. 1898.

Action for damages. Before Judge Callaway. Columbia superior court. March term, 1897.

*Joseph B. & Bryan Cumming* and *M. P. Reese*, for plaintiff in error. *John T. West*, contra.

SIMMONS, C. J.    The charge set out in the headnote is clearly erroneous when taken in connection with the facts disclosed in the record.    Relatively to a person or thing on a railroad-track, one hundred and thirty-five yards beyond the crossing, it is not negligence per se for the servant of the railroad company to fail to check the train and blow the whistle before arriving at the crossing.    *Air-Line R. Co.* v. *Gravitt*, 93 *Ga.* 369; *Central R. Co.* v. *Golden*, Ibid. 510.    A failure to check the train and to blow the whistle is admissible in evidence and may be considered by the jury, as was held in both of the cases just cited. When, therefore, the trial judge instructed the jury that, if the servants of the company failed to check and blow, it was a lack of diligence, such charge was equivalent to instructing them that such failure on the part of the servants of the company would be negligence.    In this State negligence is a question for the jury only, and the judge can not, except in certain cases, tell the jury that such and such acts constitute negligence.    If in the present case the horse had been killed upon the crossing, the trial judge could have instructed the jury that the failure to blow the whistle and check the train was negligence per se; for the statute requires that these things be done in approaching a crossing, and a failure to do so is made a penal offense.    But where the horse was killed one hundred and thirty-five yards beyond the crossing, relatively to it or its owner, it was not negligence per se to fail to blow and check.    In the case of *West End & Atlanta St. R. Co.* v. *Mozely*, 79 *Ga.* 463, the court charged the jury that "If the plaintiff rang the bell as a signal to the driver to stop, and the car stopped, and the plaintiff, without fault on his part, was in the act of alighting, and before he left the car . . the car suddenly started forward at the will of the driver, and the plaintiff was, by reason of the start or jerk, thrown to the ground and injured, the defendant would be liable."    This court held that "Such a charge

was equivalent to instructing the jury that the facts recited would show the defendant to be negligent.   Whether or not the defendant was negligent was a question for the jury."

The horse not being on the crossing at the time it was killed, although it may have started from the crossing down the track, the trial judge should have instructed the jury that they might take the failure to blow the whistle and check the train into consideration in determining whether there was, on the part of the company, any act of negligence which would make it liable. See cases cited supra.

*Judgment reversed.    All the Justices concurring.*