### CHATTANOOGA, ROME AND SOUTHERN RAILROAD CO. *v.* SWAFFORD.

LITTLE, J. Inasmuch as the charge excepted to in the 8th ground of the motion for a new trial was in violation of section 4334 of the Civil Code, which forbids a judge to express or intimate "his opinion as to what has or has not been proved," and declares that "such violation shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted in the court below," a new trial is ordered. See *West End Street Ry. Co.* v. *Mozely,* 79 *Ga.* 463 ; *Covington* v. *W. & A. R. Co.,* 81 *Ga.* 273 ; *Georgia R. Co.* v. *Clary,* 103 *Ga.* 639.

　　　　　　　*Judgment reversed.* *All the Justices concurring.*

Argued April 5, — Decided April 27, 1901.

Action for damages. Before Judge Henry. Chattooga superior court. December 17, 1900.

This action was on account of personal injuries from the derailment of a train of the defendant, on which the plaintiff was a passenger, caused by a collision of the rear end of the train with a cow while moving backward. He alleged that the defendant was neg-

ligent because the train was running at a reckless rate of speed, and without any one at the rear to guide it, apply brakes, or give the proper signals in the event of danger, when great care should have been exercised in approaching the place where the collision occurred, which was a public road crossing within the limits of a station.    There was a verdict against the defendant for $700, and it made a motion for a new trial, to the overruling of which it excepted.    One ground of the motion is that the court erred in charging the jury as follows: "In order that the plaintiff may recover if the defendant was negligent as charged, and caused his injury, it is not necessary that it be shown that he was injured in all of the ways he charges, in the details or particulars, to his person, or to the extent he charges, as to any one or more, or all of them; because, owing him the duty that the railroad did, if he was its passenger at the time, if it was negligent in the way he charges, that is if it did or failed to do the things he sets up as constituting negligence, and if he was injured or hurt on his person at all, then he would be entitled to recover something."    It is alleged that this was erroneous, because the last clause, "if it did or failed to do the things he sets up," etc., expresses an opinion that the doing or not doing of the acts complained of would constitute negligence.

*J. D. Taylor* and *A. C. King*, for plaintiff in error.

*W. H. Ennis* and *Nat. Harris*, contra.