AUGUSTA RAILWAY AND ELECTRIC CO. v. SMITH.

1. A railway company has the right to make reasonable rules and regulations
   prohibiting passengers from occupying positions on its cars considered to be
   dangerous, except at their own risk ; but when, notwithstanding such rules,
   passengers are permitted, and in some instances required, to occupy such
   positions, the company is still under the duty to exercise extraordinary care
   and diligence for their safety.
2. On the trial of a suit for damages alleged to have been occasioned by the
   negligence of the defendant, it is always error requiring the grant of a new
   trial for the court to charge the jury that given acts constitute negligence,
   when such acts are not declared by statute to be negligent.

Argued October 3,—Decided October 15, 1904.

Action for damages.   Before Judge Eve.   City court of Rich-
mond county.   February 26, 1904.

Boykin Wright, for plaintiff in error.   E. H. Callaway, contra.

CANDLER, J.   The plaintiff's husband, for whose homicide the
present suit was brought, was a passenger on a car of the defend-
ant street-railway company, occupying a standing position on the
rear platform.   The following printed notice was posted on the
car :   "It is dangerous to ride upon this platform or steps; to get
on or off cars while in motion ; to get on or off cars next to ad-
joining tracks.   Passengers violate these warnings at their own
risk."   It was in evidence on the trial, however, that no smoking
was allowed inside the car, passengers who desired to smoke being
required to ride on the platform, and that the deceased was smok-
ing at the time of the occurrence under investigation.   At the
point where the deceased wished to get off the car, the track of
the street-car company was intersected by tracks of a steam rail-
road.   As the car approached this point, the deceased got down
on the step of the platform, with the evident intention of alighting
therefrom, but, before he could do so, a locomotive of the steam
railroad company collided with the street-car, and he was thrown

under the wheels of the engine and killed.    His widow sued the street-car company, alleging in her petition that at the time of the homicide the approaching engine and train were preceded by a flagman with a lighted lantern, and that ample warning was given to all in the vicinity of the crossing, but that the motorman in charge of the street-car disregarded this warning, and negligently and recklessly ran his car upon the railroad tracks in front of the moving train.    The jury found for the plaintiff.    The defendant moved for a new trial, which was denied, and it excepted.

1. It is contended that the court erred, in charging with reference to the rule, or warning, already mentioned, in regard to the danger in riding upon the platform of the car, in giving the following instructions:   " If the rule was violated, the law says that one who voluntarily leaves a safe place or a place assigned to him, to occupy a place of greater danger and more peril, he assumes the additional risk.    But if it is assumed with the knowledge and consent of the defendant, then the law requires that defendant should continue to exercise extraordinary care and diligence that would be necessary for one who occupies such a position with its knowledge."    We see no error in this charge.    It was of course permissible for the defendant to make reasonable rules and regulations requiring its passengers to occupy positions of safety while on its cars; and had the deceased insisted upon standing on the platform, over the protest of the conductor and in spite of the warning conveyed in the printed notice, and had it appeared that his death resulted from his disregard of the rules of the company, an altogether different case would have been presented for our consideration.    As before stated, however, there was evidence from which the jury were authorized to find that the deceased was smoking, and no evidence that he was not. Smoking was not prohibited on the cars of defendant, and those who smoked were not only allowed, but were required, to stand on the platform.    Regardless of this circumstance, it was undisputed that he had ridden for quite a distance on the platform; and that the conductor knew of his presence there and made no effort to have him go inside the car.    Certainly, then, the defendant can not escape liability on the ground that he occupied a position which it permitted, if it did not require, him to occupy. His position on the platform under the circumstances did not

render him any less a passenger of the defendant, or relieve the company of the duty placed upon it by law to observe extraordinary diligence to secure his safety. See, on this subject, *Ball* v. *Mabry*, 91 *Ga.* 782; *Central R. Co.* v. *Lippman*, 110 *Ga.* 665 (3). What is here ruled applies to several grounds of the motion which make substantially the same assignments of error.

2. The court charged the jury as follows: "Ordinarily a street-railway company is bound to run its cars with such caution only as will insure the safety of those occupying positions provided for passengers, and pointed out to them as safe; and if a passenger voluntarily occupies a position of increased risk and is injured, to render the company liable for such injury circumstances must be shown from which may be implied an undertaking on the part of the company, despite the increased risk, still to carry such passenger with safety. . . But if you find that the place of danger was occupied with the knowledge and consent of the agents of the defendant, then the defendant would be liable. It would be concurrent negligence on the part of the common carrier to permit one to occupy an obviously dangerous place." It appears from the record that at this point counsel for the plaintiff interrupted the court with the following suggestion: "Your honor stated, in commenting on that, that the company would be liable. You mean that it would be bound to exercise ordinary care and diligence;" and the court continued its charge as follows: "It would still be bound to exercise that ordinary care and diligence that would be necessary, knowing that the party was in this dangerous position by his consent and with his knowledge." It is well settled by the decisions of this court, that, on the trial of an action for damages, it is error requiring the grant of a new trial for the court to charge the jury that any given state of facts will constitute negligence, unless such facts are by statute declared to constitute negligence. It is necessary to call attention to only a few of the more recent cases that have announced this doctrine. As was said in *Central R. Co.* v. *Mc-Kenney*, 116 *Ga.* 16, "the question is not an open one in this State;" and in the case cited Mr. Justice Little, delivering the opinion, quoted from the opinion in the case of *Atlanta, Knoxville & Northern R. Co.* v. *Bryant*, 110 *Ga.* 247, as follows: "It is error for the judge, on the trial of an action to recover

damages against a railroad company for personal injuries occasioned by the running and operation of its trains, to charge the jury that acts not falling within the class below indicated constitute negligence.   Only the commission of those acts which are prohibited by statute, or the omission of those things which are prescribed by statute, constitutes, under such circumstances, negligence per se.   Whether the commission of acts other than those so inhibited, or the omission to perform those required, constitutes negligence, is a question of fact, and must be determined by the jury, and not by the judge."   To the same effect see *Mayor* v. *Wood*, 114 *Ga.* 370, *Portner Brewing Co.* v. *Cooper*, 116 *Ga.* 171 (3), *Alabama Midland R. Co.* v. *Guilford*, 119 *Ga.* 523 (4), and the numerous cases cited in *Atlanta, Knoxville & Northern R. Co.* v. *Bryant,* supra.   It is urged, however, that after the suggestion offered by counsel for the plaintiff below, the judge cured whatever error there may have been in the charge complained of, by reason of the portion of the charge immediately following.   We can not agree with this view.   The subsequent remarks of the trial judge can not, we think, be fairly said to contain an intimation that the previous charge was incorrect, or to have a tendency to convey to the minds of the jury the impression that there was any intention to modify the language already used.   Indeed the language which it is contended cured the error in the preceding charge is entirely consistent with that charge, and we do not think it can be successfully urged that a jury of average intelligence would be bound to understand, or would be likely to understand, from what was last said, that the judge intended to retract or qualify what was said in the first instance ; and we are of the opinion that the charge referred to, under the authority of the cases cited, compels the grant of a new trial.

The motion for a new trial is voluminous, and contains many grounds; but only those which have been dealt with in the foregoing require discussion here.   Several grounds of the motion complain of alleged error in the admission of evidence; and while some of the evidence objected to appears to have been irrelevant, it is hardly conceivable that it could have injuriously affected the rights of the defendant.   Some of the requests to charge were objectionable as not stating correct principles of law, some asked

the court to commit error of like character to that dealt with, from which a new trial results, while others, which were applicable to the case at bar, were fairly covered by the charge as given. Except as pointed out in the second division of this opinion, we find no error in any of the charges of which complaint is made; but on account of that charge the judgment must be

*Reversed. All the Justices concur, except Lamar, J., disqualified.*