## MACON RAILWAY AND LIGHT COMPANY *v.* VINING.

1. A charge that it is the duty of a street-car company to select a reasonably safe place for landing passengers, wherever it may stop a car for that purpose, states a sound legal proposition, and is not open to the criticism that it impliedly instructs the jury that a failure to perform such duty would be negligence per se.

2. On the trial of an action against a railway company for personal injuries, it is error for the trial judge to instruct the jury that a given state of facts would be sufficient to establish negligence on the part of the defendant, these facts not being such as would in law, per se, constitute negligence. The fact that the Supreme Court in passing upon demurrers to the petition in the same case, when formerly under review, stated that certain acts or their omission would constitute negligence and render the defendant liable, does not make it proper for the trial judge to make such statement in charging the jury.

3. One of the charges excepted to was somewhat argumentative, and presented with too much stress plaintiff's contention of fact.

Argued June 29, — Decided August 4, 1905.

Action for damages. Before Judge Hodges. City court of Macon. December 2, 1904.

*Dessau, Harris & Harris* and *Roland Ellis*, for plaintiff in error. *Marion W. Harris* and *T. J. Cochran*, contra.

FISH, P. J. Mrs. Vining sued the Macon Railway and Light Company for damages, for personal injuries alleged to have been sustained by her while a passenger of the defendant company and by reason of its negligence. A verdict was found for the plaintiff, and the defendant excepts to the refusal of a new trial. The allegations of the plaintiff's petition are fully set forth in the report of the case when it was formerly before this court. 120 *Ga.* 511.

1. The court instructed the jury that it is the duty of a street-car company to select a reasonably safe place for landing passengers wherever it may stop a car for that purpose. This charge was excepted to, because it placed a duty upon the company which is not imposed by any statute or ordinance, and because it

in effect instructed the jury that a failure to perform such duty would be negligence per se. The exceptions were not well taken. The charge was in the language of the opinion rendered in this case in 120 *Ga.* 511, and merely stated a correct legal proposition applicable to the case. It left the question of fact, as to whether the landing was reasonably safe or not, entirely with the jury. *Western & Atlantic R. Co.* v. *Burnham,* 123 *Ga.* 28; *Atlanta & West Point R. Co.* v. *Hudson,* Id. 108.

2. Other instructions excepted to were: "If, however, a passenger selects a place which is reasonably safe, and the car has stopped, and on account of the darkness the passenger can not determine whether the car has stopped at the place designated, and the passenger exercises ordinary care and diligence, and the conductor in charge of the car permits the passenger to attempt to alight without informing him that the place selected has not been reached and also without informing him as to any dangers that might exist incident to alighting at the place at which the car had actually stopped, then the company would be liable; provided, the passenger is injured in alighting as a consequence of a danger of which he is not aware and which on account of the darkness was not apparent to him at the time he attempted to alight by the exercise of ordinary care and diligence, or if after having stepped from the car the passenger attempted to proceed along what would have been a safe way in the event the car had stopped at the place which he, the passenger, selected." "If the passenger selects a place which is reasonably safe, and the car is stopped, and the passenger in the exercise of ordinary care and diligence can not determine whether the car has stopped at the place designated by him, and the conductor permits the passenger to alight, without informing him that the place selected has not been reached, and without informing him of the place where the car was actually stopped, and such place was not actually safe for landing, and the passenger is injured and damaged, without fault or negligence on his part, by reason of such failure on the part of the conductor, then I charge you that the company would be liable to such passenger for injuries and damage occasioned by the negligence of the company's servants." One of the exceptions to these charges was that the court therein instructed the jury as to what facts or acts would constitute negligence on the

part of the company's servants. Obviously this is a just criticism. *West End Ry. Co.* v. *Mozely,* 79 *Ga.* 463. The question as to what acts do or do not constitute negligence is exclusively for determination by the jury, in the absence of a statute or valid municipal ordinance declaring a particular act to be negligence. *Atlanta & West Point R. Co.* v. *Hudson,* supra, and cit. "The trial judge should not tell the jury what acts would constitute negligence and what would not, but should instruct them as to the proper measure of diligence and leave them to determine, in view of all the evidence bearing on the subject as to the time, place, circumstances, and happenings, and the whole transaction as disclosed by the evidence, as to whether there was or was not a want of due care." Ib. That the Supreme Court, in passing upon a demurrer to the petition in the present case when formerly under review, used expressions contained in the instructions now under consideration, did not of itself make it proper for the trial judge to use such language. "There are many things said by [the Supreme Court] both in headnotes and opinions, that are sound law, but which nevertheless would be improper instructions to a jury." *Savannah Ry. Co.* v. *Evans,* 115 *Ga.* 315; *Atlanta & West Point R. Co.* v. *Hudson,* supra. The error in the charges last above quoted requires a reversal of the judgment refusing a new trial.

3. The tenth ground of the motion for a new trial complains of a lengthy extract from the judge's charge, on the grounds that it was argumentative, and presented with too much stress and detail plaintiff's contention of fact. We think this charge open to the criticism made upon it, but deem it unnecessary to say more upon the subject, as upon the next trial the judge in his instructions will no doubt avoid such objectionable features. There are other assignments of error not necessary to be dealt with, as they relate to matters not at all likely to arise on another trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*