8414. AUGUSTA-AIKEN RAILWAY & ELECTRIC CORPORATION *v*. ANDREWS.

1. The motion to dismiss the bill of exceptions, upon the ground that the brief of evidence appearing in the record is not such a brief as is required by the statute, is overruled. The insertion of some questions and answers in a brief of evidence, where apparently necessary to present the evidence with lucidity and precision, does not necessarily constitute a breach of the requirement that testimony be presented in narrative form; and besides, in no event would a bill of exceptions be dismissed for this reason alone; but, where no proper brief is supplied, exceptions requiring a consideration of the evidence can not be considered.

2. Where damages are sought on account of alleged negligence, an instruction to the jury, that if they should find from the evidence that at the time the injury was received a given state of facts existed, the defendant would be liable, is error, when the facts enumerated are not such as would constitute negligence per se, under the operation of a statute or valid ordinance.

DECIDED SEPTEMBER 13, 1917.

Action for damages; from city court of Richmond county—Judge Black. December 27, 1916.

Gladys Andrews brought suit, through her next friend, against the Augusta-Aiken Railway and Electric Corporation, a street-railway company, and alleged: that about 10:05 o'clock p. m. on October 25, 1913, she went with her sister to the usual stopping place of the defendant's cars at a point on Broad street, and that just as she reached that place a car belonging to the defendant

came to a standstill for the purpose of taking on passengers; that three men unknown to her boarded the car just ahead of herself and her sister, and as the last one of the three stepped upon it she herself caught hold of the handle-bar and put one foot on the step of the car and was in the act of boarding it, when the conductor in charge of the car, who was then at the front end, signaled the motorman to go forward, and the car immediately started, with a sudden lunge and jerk which threw the plaintiff violently on the ground and caused the injuries for which she sued. She alleged that the injuries complained of were produced wholly by the negligence of the defendant, "in that it did not stop said car at its usual stopping place long enough for passengers to safely board the same, and in that the defendant company's conductor in charge thereof signaled the said car forward while the said Gladys Andrews was in the act of boarding the same, and in that the defendant company's motorman in charge of said car started said car with a lunge or jerk while the said Gladys Andrews was in the act of boarding said car, and in that the said Gladys Andrews was not given sufficient time to board said car; she being in plain view of the conductor in charge of said car, who saw her, or by the exercise of ordinary diligence could have seen her." She further alleged that at the time of the occurrence she was sixteen years of age, and that she was damaged in the sum of $10,000. The defendant denied generally the essential allegations of the petition, and alleged that the injury complained of was the result of the plaintiff's own negligence, in that, by the exercise of ordinary care and diligence, she could have avoided the consequences of the alleged negligence of the defendant, and that the defendant and its servants at the time and place of the injury were in the exercise of all ordinary care and diligence, and the injury was an accident pure and simple, for which the defendant was in no wise responsible, if it did not in fact result from the plaintiff's own negligence. The trial resulted in a verdict for $3,000 in favor of the plaintiff, the defendant made a motion for a new trial, which was overruled, and it excepted.

*Wright & Wright,* for plaintiff in error.

*I. S. Peebles Jr., T. F. Harrison, C. H. & R. S. Cohen,* contra.

WADE, C. J. (After stating the foregoing facts.)

1. The ruling in the headnote on the motion to dismiss the

bill of exceptions needs no amplification. The brief of evidence, it is true, contains approximately two pages of questions and answers, out of a total of nearly fourteen pages appearing in the record in this court, but it is obvious that a bona fide effort was made by counsel for the plaintiff in error to reduce the testimony to narrative form; and their opinion that the inclusion of certain questions and answers, without abbreviation or condensation, was essential to the presentation of a lucid and precise statement of the testimony is not without reasonable ground. Even if the brief of evidence were not in proper form, this would not require a dismissal of the bill of exceptions, under the well-settled practice in the Supreme Court and this court. The ruling in *Crumbley* v. *Brook,* 135 *Ga.* 723, 724 (70 S. E. 655), succinctly and clearly covers this question: "If a paper is brought to this court which is called a brief of evidence but which constitutes no compliance with the law on that subject, it does not furnish ground for dismissing the writ of error. But, in such event, no ground of error which involves a consideration of the evidence can be considered. If all the assignments of error are of that class, a judgment of affirmance will result. If there are assignments of error, such as rulings on demurrers, or the like, which do not involve a consideration of the evidence, they may be passed on. *Stansell* v. *Merchants and Farmers Bank,* 123 *Ga.* 278 (51 S. E. 321) ; *Hawkins* v. *Tanner,* 129 *Ga.* 497 (59 S. E. 225)."

2. The 7th ground of the motion for a new trial assigns error upon the following charge of the court: "If, on the other hand, gentlemen of the jury, you find from the evidence that the car was started on the signal of the conductor, and that the conductor gave the signal for the car to start while the plaintiff was in the act of getting on the car, and before she had a chance to get on the car, and that she was thrown to the ground and received injuries as alleged in the petition, then I charge you that the railroad company is liable." The errors assigned on this charge were: "(a) It instructed the jury that the facts recited would show the defendant to be negligent, whereas it was for the jury to determine whether, under the supposed facts, the defendant was or was not negligent. (b) It charges what particular acts of the defendant's agents would constitute negligence. (c) It places too great a burden on the defendant, in that it makes the defendant liable as a matter of law

if the plaintiff was injured while boarding the car by the starting of the car in response to the signal of the conductor, no matter whether the conductor was in the exercise of due care in signaling for the car to start, and no matter whether the motorman was in the exercise of due care when he started the car. (*d*) It puts too great a burden on the defendant, in that the court instructs the jury that the plaintiff may recover under the supposed facts, without adding any qualification; as, for example, that the plaintiff could not recover if her own negligence and not that of the defendant was the proximate cause of the injury, or that the plaintiff could not recover if she failed to use ordinary care and diligence to avoid the consequences of the defendant's negligence."

The uniform decisions of the Supreme Court and of this court, to the effect that a judge in charging a jury can not state what particular acts or facts constitute negligence, unless such acts or facts constitute negligence per se under the operation of a statute or valid ordinance, are too numerous to require more than a mere reference. In *West End and Atlanta Street Railway Co.* v. *Mozely,* 79 *Ga.* 463 (4 S. E. 324), the first headnote of the case is: "Where suit was brought against a street-railway company to recover for an injury alleged to have been received by a passenger in leaving a car, it was error to charge the jury that 'if the plaintiff rang the bell as a signal to the driver to stop, and the car stopped, and the plaintiff, without fault on his part, was in the act of alighting, and before he had completely left the car,—as by having one foot upon the ground and one still on the step—the car suddenly started forward at the will of the driver, and the plaintiff was, by reason of the start or jerk, thrown to the ground and injured, the defendant would be liable.' Such a charge was equivalent to instructing the jury that the facts recited would show the defendant to be negligent. Whether or not the defendant was negligent was a question for the jury." In the decision in that case it was said: "We think this charge was error. It took from the jury the consideration of the great fact in the case, whether the defendant was guilty of negligence in thus doing; it was for the jury to say whether these facts made the defendant negligent. They were the legal alchemists, as has been said by a distinguished member of this court, to determine what was and what was not negligence. It was not for the court." See also *Georgia Railroad & Banking Co.* v.

*Clary,* 103 *Ga.* 640 (30 S. E. 433) ; *Central Railroad Co.* v. *Neighbors,* 83 *Ga.* 444 (10 S. E. 115) ; *Atlanta, Knoxville & Northern Railway Co.* v. *Bryant,* 110 *Ga.* 247 (34 S. E. 350) ; *Coursey* v. *Southern Ry. Co.,* 113 *Ga.* 297, 299 (38 S. E. 866) ; *Chattanooga, Rome & Southern R. Co.* v. *Swafford,* 113 *Ga.* 363 (38 S. E. 826) ; *Snowball* v. *Seaboard Air-Line Railway,* 130 *Ga.* 83 (60 S. E. 189). In *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (40 S. E. 239), the Supreme Court laid down the rule as follows: "In a suit to recover damages alleged to have been sustained in consequence of the negligence of the defendant, a charge which in effect instructs the jury that if they believe from the evidence that, at the time the injury was received, a given state of facts existed, such facts would constitute negligence on the part of the defendant, is erroneous, when the facts are not such as would, under the operation of a statute or valid ordinance, constitute negligence per se."

Under the testimony in this case there was a sharp issue as to whether the conductor in charge of the car, or some unauthorized person or passenger thereon, gave the signal which caused the motorman to start the car forward and thus precipitate the plaintiff upon the street. The conductor testified positively that he himself did not give the signal. The motorman testified that the signal was given, but he was unable to say by whom it was given. A witness for the plaintiff testified positively that he saw the conductor, or a person wearing the uniform cap of a conductor, give the signal; and there was testimony for the defendant tending to show that this witness at the rear of the car could not have seen the conductor up near the front, because the car was crowded and the aisle was full of standing passengers. There is nothing whatever to suggest that the conductor, if he in fact gave the signal for the car to proceed, saw or could have seen the plaintiff from inside the car as she attempted to step upon the platform, or knew that she would attempt to enter the car, and there was no testimony from which it must necessarily be inferred that it was the duty of the conductor to remain on the back platform of the car at all times and under all circumstances to guard against possible injury to passengers seeking to enter the car at that point, but, to the contrary, his explicit testimony was that he was required, in the performance of his proper duties, to enter the car and approach the

front part for the purpose of collecting fares from passengers who had omitted to pay him as they entered from the back platform. It was, therefore, a question for determination by the jury, even if they believed under the testimony for the plaintiff that the conductor gave the signal to the motorman which caused the car suddenly to advance on its way without warning to the plaintiff, and to her injury, whether, under all the circumstances and in the absence of knowledge on his part (on account of his presence in the performance of other duties near the front of the car) that the plaintiff was seeking to step upon the back platform, he was negligent in signaling the motorman to proceed, or was in the exercise of the degree of care required by law. The instruction complained of eliminated entirely from the consideration of the jury the question whether the conductor was, under all the circumstances of the case, as shown by the evidence, in the exercise of due care in signaling for the car to start; and likewise is subject to the exception, urged by the plaintiff in error, that too great a burden was imposed upon the defendant by the instruction from the court that the plaintiff might recover, under the supposed facts recited, without adding, as a part of the instruction, the qualification that she could not recover if her own negligence was the proximate cause of the injury, or if she failed to use ordinary care and diligence to avoid the consequences of the defendant's negligence.

It is true that the charge complained of was immediately followed by the instruction that if the injury was caused by the negligence of the plaintiff, and she could by the exercise of ordinary care and diligence have avoided the consequences to herself of the defendant's negligence, no recovery could be had; but the charge complained of was given, without qualification, as a *complete* statement of the facts which if proved would constitute negligence on the part of the defendant and render it liable; and hence the qualification included in the additional instruction can not be held with reasonable certainty to have removed all probable harm from the preceding bald statement that certain enumerated facts would render the company liable. This excerpt, when considered alone, eliminated from the consideration of the jury the further question whether the plaintiff was in the exercise of ordinary care in hurrying aboard the crowded car without any knowledge as to the whereabouts of the conductor, and with no means of knowing whether

or not the signal for its starting had already been given; all of which questions were for them, especially in view of the plaintiff's testimony that she did not hear the bell ring at all; from which the jury might possibly have inferred that the bell had already rung, and the car was actually on the very verge of starting or had just begun to move when the plaintiff caught the handle-bar and placed her foot on the step. The charge of the court as given necessarily excluded, however, this view from the minds of the jury; for while, as already stated, the judge instructed the jury that a lack of ordinary care on the part of the plaintiff would prevent a recovery, in the excerpt complained of he explicitly said: "If, on the other hand, gentlemen of the jury, you find from the evidence that the car was started on the signal of the conductor, and that the conductor gave the signal for the car to start while the plaintiff was in the act of getting on the car, and before she had a chance to get on the car, and that she was thrown to the ground and received injuries as alleged in the petition, then I charge you that the railroad company is liable."

The defendant in error cites, in support of her contention that the excerpt above quoted is not subject to the exceptions taken, the case of *Savannah Electric Co.* v. *Bennett,* 130 *Ga.* 597 (61 S. E. 529). In that case the charge complained of was as follows: "If you find that the car was stopped for the purpose of enabling the plaintiff to alight, and that she was not afforded a reasonable time and opportunity to alight with safety, and while in the exercise of ordinary care for her own safety she was injured as alleged in her petition, you would be authorized to find for the plaintiff." In the decision Mr. Justice Atkinson said: "The court in effect charged that the railroad company owed the passenger the duty to afford her a reasonable opportunity to alight in safety, and if there was a breach of this duty and the plaintiff was injured while in the exercise of ordinary care for her own safety, she could recover for such breach of duty. This is merely the application of legal principles involved in the case, and does not withdraw from the consideration of the jury any question of fact. The plaintiff was a passenger on the car of the defendant, and, as a matter of law, was entitled to a reasonable opportunity to alight in safety at the place of her destination, and the charge was not open to the criticism made upon it." It will be observed that the charge com-

plained of in that case left for determination by the jury not only the question whether or not the time afforded the plaintiff to alight was a *reasonable* time, but whether or not the opportunity "to alight in safety" was afforded her, and the further qualification was added, *in the same sentence,* that the plaintiff must have been "in the exercise of ordinary care for her own safety when she was injured."

It has been repeatedly held, as already suggested, that the only instance in which a trial court has the right to instruct the jury in a negligence case that certain acts or facts constitute negligence is where there is a statute or valid ordinance so declaring. *Central Railway Co.* v. *McKenney,* 116 *Ga.* 13, 16, 17 (42 S. E. 229); *Central Railway* v. *McKinney,* 118 *Ga.* 535, 537 (45 S. E. 430); *Atlanta, Knoxville & Northern Ry. Co.* v. *Bryant,* supra; *Augusta Railway & Electric Co.* v. *Smith,* 121 *Ga.* 29, 32 (48 S. E. 681); *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (8), 369 (54 S. E. 110). In the *McKenney* case (116 *Ga.* 13, 16) a charge held to be error was: "If you believe the train did not stop long enough to allow this passenger to alight in safety, that would be, upon the part of the company, negligence." The court in so holding quoted from the decision in the *Bryant* case, as follows: "Only the commission of those acts which are prohibited by statute, or the omission of those things which are prescribed by statute, constitutes, under such circumstances, negligence per se. Whether the commission of acts other than those so inhibited, or the omission to perform those required, constitutes negligence, is a question of fact, and must be determined by the jury, and not by the judge." It may be said further that a clear distinction between the instruction approved in the *Bennett* case, supra, and the case now under consideration may be found in the fact that in the former case the measure of the railroad company's duty, as there defined, was to afford "a reasonable time and opportunity to alight with safety," whereas in the case under consideration the measure of the railroad company's duty was declared to be that it must afford the passenger "a chance to get on the car," and that if the car started "before she had a chance to get on the car," the company would be liable. The phrase "before she had a chance to get on the car" is indeterminate, vague, and indefinite, and does not exclude a bare chance or a desperate chance, or confine the jury

to the consideration of whether the ·plaintiff was afforded a *reasonable chance* to get on the car, and hence whether she was justified in making the attempt; nor did it permit them to find that she was not in the exercise of ordinary care for her own safety in attempting to· board the car because the "chance to get on the car," actually afforded her, did not justify such an attempt, in the exercise of ordinary care for her own safety, either because the car had already started, or was in motion when she made the attempt, or a signal had already been given for it to start before the attempt was made. Under the instruction given, the jury might have concluded that the plaintiff was justified in attempting to enter the car, notwithstanding it was in motion, but inasmuch as the defendant had not afforded her what they might consider was a "chance to enter the car," the defendant would nevertheless be liable. In other words, the instruction as given, considered by itself, eliminated the question whether the plaintiff was in the exercise of ordinary care in attempting to enter the car at all, under the circumstances disclosed by the testimony, and declared that if *a chance to enter* was not afforded her, the defendant would be liable.

Had the plaintiff been already on the car, she would have been entitled to a reasonable opportunity to alight therefrom in safety, and possibly an instruction that she was entitled to "a chance" to get off of the car in safety, considered by itself, would have been unobjectionable; but the instruction that if the signal was given by the conductor for the car to start while the plaintiff was in the act of getting on the car "and before she had a chance to get on the car," and she was thrown to the ground and injured, the railroad company would be liable, undoubtedly excluded the question whether (under the circumstances) the plaintiff was in the exercise of ordinary care in attempting to get on the car at all, or whether the conductor was in the exercise of extraordinary care in giving the signal for the car to start while she was (unknown to him) thus attempting to get on it. It was the duty of the railroad company to give the plaintiff a reasonable opportunity to enter the car with safety, but the question whether or not the opportunity afforded her at the time of the injury was apparently so reasonable as to relieve her of the charge of failing to exercise ordinary care for her own safety in making an attempt to enter the car,—or

whether, under the circumstances, she should have declined altogether to make the attempt to enter, was for the jury, but, under the instruction given, was removed from their consideration; for if a reasonable opportunity were not afforded her to board the car in safety, it was her duty not to make the attempt. In *Western & Atlantic Railroad Co.* v. *Burnham, 123 Ga.* 28 (50 S. E. 984), the Supreme Court declared it to be the duty of the railroad company to stop the train "long enough" at the station for the plaintiff to alight, but the trial court did not in that case undertake to advise the jury that if a given state of facts were shown to exist, the defendant would be liable, as was done in the case under consideration. In *Central Railroad & Banking Co.* v. *Neighbors,* supra, the court, after reciting the facts, added the words, "and negligently" did thus and so; leaving the jury to determine the question of negligence. We think that the charge complained of in this case was error requiring a reversal of the judgment.

3. The remaining grounds of the motion for a new trial are without substantial merit, and do not require elaboration or further reference. The court erred in overruling the motion for a new trial, for the reason that the excerpt from the charge, complained of in the 7th ground, contains a statement as to what proved facts would constitute negligence.

*Judgment reversed. George and Luke, JJ., concur.*