28986. ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* McBRYAR.

DECIDED JUNE 19, 1941.

*R. Carter Pittman, McClure, McClure & Hale,* for plaintiff in error.

*J. M. C. Townsend,* contra.

SUTTON, J. John McBryar brought suit against the Alabama Great Southern Railroad Company to recover damages for injuries sustained by him by the alleged negligent acts of the defendant while he was in the act of alighting as a passenger from the defendant's train after it reached the plaintiff's destination. It was alleged that the defendant was negligent in that after it stopped the train it did not wait a sufficient time for him to alight, and that as he was going down the steps of the train it was suddenly and violently jerked by the defendant, and that he was thrown violently to the ground and sustained certain described injuries. It was further alleged that the defendant was negligent in failing to remove from the steps snow and ice which had accumulated thereon. In alleging that the defendant suddenly and violently jerked the train while the plaintiff was in the act of alighting from the steps the petition charged that such negligence was the sole and proximate cause of his injury. Later in the petition it was alleged that the defendant was negligent in not stopping the train a sufficient length of time to permit the plaintiff to alight in safety. This allegation was made by amendment during the course of the trial.

1. The court submitted to the jury all of the acts of alleged

negligence, and it is contended in special ground one of the amended motion for new trial that the court erred in so doing, in that the plaintiff did not allege that such other acts of negligence were the proximate cause of his injuries, and that he is committed, as to recovery, exclusively to the allegation with respect to the sudden and violent jerking of the train, which he alleged as the "sole" and proximate cause of his injuries. The original petition concluded with the statement that "the injuries and damages herein sued for are the direct and proximate cause [sic] of the defendant company, its officers, agents, and employees as alleged in this petition." While such expression is inexact as to charging that the injuries of the plaintiff were directly and proximately caused by the negligence of the defendant as alleged, no special demurrer was filed thereto, and a reasonable construction placed thereon is that thereby is meant that the injury and damages sued for are the direct and proximate *result* of the defendant's negligence as alleged in the petition. In other words, the negligence alleged is the direct and proximate cause of the plaintiff's injury and damage. So, properly construed, the petition alleges in its recitals of the manner in which the train was suddenly and violently jerked that such negligent act was the sole and proximate cause of the plaintiff's injury and damage, but at its conclusion charges that all of the acts of alleged negligence were the direct and proximate cause of the plaintiff's injury and damage. This is not an instance where, as shown by cases cited by the plaintiff in error, the plaintiff plants his case solely on one act of negligence, and could not recover because of some negligence shown by the evidence but not declared upon, but is a case where notwithstanding the use of the word "sole" as to one act of alleged negligence it is shown that he really relies upon all of the acts of negligence set out in the petition. Consequently, in the absence of a special demurrer calling upon him to make more exact his allegations which are relied upon as showing negligence constituting the direct and proximate cause of his injury and damage, the use of the word "sole" in one part of the petition should not reasonably and in justice militate against him so as to deprive him of his subsequent general allegation that all acts of negligence alleged in the petition were the direct and proximate cause of his injury and damage. For this reason we do not think that the court erred, as contended, in submitting to the jury

the issue whether or not the defendant was negligent in failing to stop the train a sufficient length of time to permit the plaintiff to alight in safety from the steps.

It is of no consequence that in amending the petition and setting up such allegation of negligence the plaintiff did not also allege that it was the direct and proximate cause of his injury and damage. After being amended the petition was the same as if the allegation mentioned had been in the petition in the first place, and the general allegation at the conclusion of the petition applies equally to that pleaded act of negligence. See, in this connection, *Chestnut* v. *Weekes*, 180 *Ga.* 701 (180 S. E. 716).

There is an additional reason why the court did not err in submitting to the jury other alleged acts of negligence in addition to the alleged negligent act of suddenly and violently starting the train. Even if it should be held that the plaintiff should be restricted to the allegation of negligence in respect to the sudden and violent starting of the train, because of the use by him of the word "sole," in connection with the "proximate cause" of his injury and damage, "Negligent conduct of the defendant, if a part of the res gestæ of the transaction in which the plaintiff is injured, though not the proximate cause thereof, may be alleged and proved in connection with the negligent acts of the defendant through which the injury did directly occur." *C. & W. C. Ry. Co.* v. *Camp*, 3 *Ga. App.* 232 (59 S. E. 710). See *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837, 845 (47 S. E. 329).

2. The defendant set up the defense, with respect to the allegation of negligence in permitting the accumulation of snow and ice on the steps of the train, that such condition was an act of God; that at the time there was a snowstorm in progress and snow accumulated upon all surfaces of the train except perpendicular surfaces, and that the plaintiff had the same opportunity as the defendant's employees to discover the presence of the snow and ice. The court charged the jury the definition of an act of God and that the burden was upon the defendant to prove such affirmative defense, and in connection therewith gave the following instruction, as to which error is assigned by the plaintiff in error in special ground two of the motion for new trial as placing upon it a burden not required by the law: "That the defendant exercised extraordinary care in the discharge of its duty, and did not in any

way alleged fail to exercise such care to do any reasonable act that might have avoided the loss or injury alleged." This objection is well taken. The obligation of the defendant to prove its alleged affirmative defense of an act of God causing the snow and ice to be upon the steps did not include also the burden of disproving all of the negligence alleged by the plaintiff. The failure of the defendant to show to the satisfaction of the jury that the presence of the snow and ice upon the steps was free from human agency and solely an act of God would still leave in the case issues as to the other alleged acts of negligence on the part of the defendant, and it was the duty of the plaintiff, and not that of the defendant, to prove such allegations by a preponderance of the evidence. While the act of 1929 (Ga. L. 1929, p. 315), as codified in part (Code, § 18-607), provides that "In all actions against railroad companies for damages done to passengers, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury," it has been held many times that the presumption of negligence against a carrier towards a passenger who is injured by a carrier in the running of its train vanishes upon the introduction by the defendant of testimony in rebuttal of such presumption, and the question of negligence is then for the jury, the burden resting upon the plaintiff to establish the alleged negligence by a preponderance of the evidence. See *Holmes* v. *Georgia Power Co.,* 44 *Ga. App.* 588 (162 S. E. 403); *Central of Georgia Ry. Co.* v. *Cooper,* 45 *Ga. App.* 806 (4) (165 S. E. 858); *Georgia Power Co.* v. *Braswell,* 48 *Ga. App.* 654 (3) (173 S. E. 763); *Parrish* v. *Southwestern Railroad Co.,* 57 *Ga. App.* 847 (197 S. E. 45); *Seaboard Air-Line Ry. Co.* v. *Fountain,* 173 *Ga.* 593 (160 S. E. 789). The charge objected to made it incumbent upon the defendant to prove, not only its defense of act of God as to the snow and ice upon the steps, but also to disprove all other acts of negligence alleged against it, and under the cases cited was reversible error.

3. Special ground 3 of the motion for new trial assigns error on the charge of the court: "I charge you that where a passenger is injured while alighting from a train by reason of a sudden jerk of the train, without notice to the passenger, the company would

be liable for the injury sustained by reason of such sudden jerking." It is contended that the charge was argumentative and authorized a recovery even though the plaintiff failed to exercise ordinary care for his own safety, and even though the defendant may have successfully carried the burden of proof placed upon it by the charge complained of in special ground two above discussed. The charge was not argumentative or susceptible to any of the objections urged. Standing alone it is not properly qualified by the provision of law that a plaintiff can not in any event recover if by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence, but elsewhere in the charge the court fully and accurately charged the principle of law contended for. The two excerpts were not in conflict, and it could not reasonably be said that the jury was misled and gained the impression suggested by the plaintiff in error. "Though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial." *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (2) (38 S. E. 389). See *Seaboard Air-Line Ry.* v. *Phillips,* 117 *Ga.* 98, 102 (43 S. E. 494) ; *Wilson* v. *Small,* 28 *Ga. App.* 587, 592 (113 S. E. 238) ; *Lovelace* v. *Reliable Garage,* 33 *Ga. App.* 289, 292 (125 S. E. 877) ; *W. & A. Railroad* v. *Reed,* 35 *Ga. App.* 538, 546 (134 S. E. 134).

4. During the progress of the trial counsel for the plaintiff announced in court that the plaintiff withdrew its claim for any damages due to alleged impairment of earning capacity, and the case went to the jury upon the prayer for damages for pain and suffering and for doctors' bills paid. The jury returned a verdict for $2000 which in special ground four of the motion for new trial is attacked as being excessive and inferably returned because of gross mistake and undue bias. Inasmuch as the case is being remanded for another trial because of the errors dealt with in this opinion it is unnecessary to pass upon this assignment of error.

5. Ground 5 of the motion for new trial complains that the

court erred in excluding from the consideration of the jury an answer by one of the defendant's witnesses to the effect that a Diesel engine which drew the train upon which the plaintiff was a passenger could not cause a train to jerk. This witness was a pump engineer, but was not qualified by the defendant as an expert on Diesel engines, and the court did not err in rejecting the testimony.

6. Ground 6 of the motion complains that the court erred in refusing to permit the defendant to show by the aforementioned witness that he had habitually ridden to work on the same Diesel engine train, and that during all of such times it had never jerked in starting. The question was not whether the Diesel engine train had jerked on former occasions but on the occasion of the plaintiff's injury, and the court did not err in rejecting the testimony. Counsel for the plaintiff in error aver that this court can take judicial knowledge of a scientific principle, that a Diesel engine can not jerk in starting, but we are not prepared to say that the principle contended for is so well established as a scientific fact that this court may judicially recognize it. We think that the fact of incapacity to jerk is one to be demonstrated by the testimony of experts. The witness here involved was not shown to be such an expert as could testify as to the engine's incapacity to jerk. Furthermore, irrespective of the merits of the objection ordinarily, the alleged error was rendered harmless by the fact that the witness was allowed, in another part of his testimony, to testify that "You can't jerk a Diesel train; it is like an electric car." It follows that this ground is without merit.

7. Ground 7 assigns as error in admitting, over the objection of the defendant, testimony from a physician who examined the plaintiff after his injury that the plaintiff "complains of severe headaches since date of injury, more or less constantly all the time," it being contended that such testimony was prejudicial and hearsay. In *A., K. & N. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (49 S. E. 818), it was held to be error, in the trial of a case for personal injuries, to admit testimony that the plaintiff complained to her physician "of backache and pains in her hips." In the present case the complaint was also as to specific pains and not a mere general complaint, and under the authority above mentioned it was error for the court to admit such testimony.

8. Ground 8 of the motion for new trial assigns error on the admission in evidence of a statement by the same physician: "He was sent to me to be examined for an injury received from alighting from a railroad train, jerked down and dragged a considerable distance, and at the time he stated that he was more or less knocked out, and he had a cut on his right cheek and an injury to his left arm and hand and wrenched neck and shoulders. That's his complaint." It is contended that the evidence was prejudicial and hurtful to the defendant for the reason that it was hearsay and a self-serving declaration of the plaintiff, and tended to impress upon the jury by illegal evidence both aggravating circumstances producing the alleged injuries and the aggravated and serious nature of the alleged injuries. The statement that the plaintiff was sent to the physician as one who had been jerked down and dragged a considerable distance was inadmissible as hearsay, and because it was calculated to impress upon the jury that there were aggravating circumstances in connection with the injury, namely, the dragging of the plaintiff. The statement that the plaintiff claimed that he was "more or less knocked out" was only a general complaint and was not objectionable. In *Western & Atlantic R. Co.* v. *Burnham,* 123 *Ga.* 28 (50 S. E. 984), error was assigned on the admission in evidence of testimony that the plaintiff "'complained' the night after the injury, and just as she got off the train said that was quite a jolt, or something to that effect." In the headnote it was ruled: "While in the trial of an action of the nature above indicated [action for personal injuries] evidence that the plaintiff complained of specific pains and injuries is not ordinarily admissible, it will not, in a given case, be cause for a new trial that evidence was admitted that the plaintiff merely *complained,* and stated that she had received a jolt in alighting from the train." The statement that "he had a cut on his right cheek and an injury to his left arm and hand and wrenched neck and shoulders" was obviously a statement of the physician's observation of the plaintiff, and was not objectionable for any reason urged.

9. Inasmuch as the judgment is reversed for reasons above shown, it is unnecessary to rule on the general grounds of the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*