29489. ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* McBRYAR.

510

DECIDED JULY 3, 1942.

*R. Carter Pittman, McClure, McClure, Hale & Hale,* for plaintiff in error.

*J. M. C. Townsend,* contra.

MACINTYRE, J. (After stating the foregoing facts.) The part of the charge quoted above and set apart in brackets is as follows: "I charge you that where a passenger is injured while alighting from a train, by reason of a sudden jerk of the train, without notice to the passenger, the company would be liable for the injury sustained by reason of such sudden jerking." When immediately followed by the proviso above quoted, the excerpt is not cause for a new trial on the ground that it was argumentative and authorized a recovery even though the plaintiff failed to exercise ordinary care for his own safety, for the reason stated when this case was formerly before this court. See *Alabama Great Southern R. Co.* v. *McBryar,* 65 *Ga. App.* 153, 157 (15 S. E. 2d, 563). But now the ground for objection to this excerpt of the charge (enclosed above in brackets) is entirely different from the attack made upon it in *Alabama Great Southern R. Co.* v. *McBryar,* supra; the attack at this time being that it is error for the trial judge to instruct the jury that given facts would constitute negligence, when the facts are not such as are made by law to constitute negligence per se. We think this attack is justified. *Augusta Railway & Electric Co.* v. *Lyle,* 4 *Ga. App.* 113, 116 (60 S. E. 1075); *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (40 S. E. 239). Adopting the language of the Supreme Court in *West End & Atlanta Street*

*Railway Co.* v. *Mozely,* 79 *Ga.* 463, 465 (4 S. E. 324), we think in this case "It [the excerpt] took from the jury the consideration of the great fact in the case, whether the defendant was guilty of negligence in thus doing; it was for the jury to say whether these facts made the defendant negligent. They were the legal alchemists, as has been said by a distinguished member of this court, to determine what was and what was not negligence. It was not for the court. This charge is equivalent to telling the jury that this thing took place when the defendant was negligent. His saying the defendant would be liable is equivalent to saying the plaintiff could recover." The first headnote in that case is: "Where suit was brought against a street railway company to recover for an injury alleged to have been received by a passenger in leaving a car, it was error to charge the jury that 'if the plaintiff rang the bell as a signal to the driver to stop, and the car stopped, and the plaintiff, without fault on his part, was in the act of alighting, and before he had completely left the car—as by having one foot upon the ground and one still on the step—the car suddenly started forward at the will of the driver, and the plaintiff was, by reason of the start or jerk, thrown to the ground and injured, the defendant would be liable.' Such a charge was equivalent to instructing the jury that the facts recited would show the defendant to be negligent. Whether or not the defendant was negligent, was a question for the jury." "As the plaintiff could not recover without showing negligence on the part of the defendant, to unqualifiedly charge the jury that if they believed a given state of facts to be established by the evidence, the plaintiff was entitled to recover, was equivalent to charging them that such facts were sufficient to show that the defendant was negligent. This seems perfectly plain. But if authority were needed, it would be found in *West End & Atlanta Street Railway Co.* v. *Mozely,* 79 *Ga.* 463 [4 S. E. 324]." *Mayor &c. of Milledgeville* v. *Wood,* supra.

The exception here is that the court in the charge instructed the jury what facts or acts constitute negligence on the part of the railroad company. We think the exception is meritorious. "The question as to what acts do or do not constitute negligence is exclusively for determination by the jury, in the absence of a statute or valid municipal ordinance declaring a particular act to be negligence. *Atlanta & West Point R. Co.* v. *Hudson* [123 *Ga.* 108.

51 S. E. 29], and cit. 'The trial judge should not tell the jury what acts would constitute negligence and what would not, but should instruct them as to the proper measure of diligence and leave them to determine, in view of all the evidence bearing on the subject as to time, place, circumstances, and happenings, and the whole transaction as disclosed by the evidence, as to whether there was or was not a want of due care.' Ib. That the Supreme Court, in passing upon a demurrer to the petition in the present case when formerly under review, used expressions contained in the instructions now under consideration, did not of itself make it proper for the trial judge to use such language." *Macon Railway & Light Co. v. Vining,* 123 *Ga.* 770, 772 (51 S. E. 719).

The plaintiff relies on the decision of this court when this case was formerly before it, 65 *Ga. App.* 153, 157, supra, as supporting his contention that the excerpt in question was not reversible error. However, when the case was formerly before this court the exception to this excerpt was entirely different from the exception here; and in overruling the objections urged the court quoted from *City Council of Augusta v. Tharpe,* 113 *Ga.* 152 (2) (38 S. E. 389), wherein Judge Little, speaking for the court, stated: "Though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial," and cited other cases supporting this ruling. Yet the Supreme Court, speaking through the same judge in *Chattanooga, Rome & Southern R. Co. v. Swafford,* 113 *Ga.* 363 (38 S. E. 826), said: "Inasmuch as the charge excepted to in the 8th ground of the motion for a new trial was in violation of section 4334 of the Civil Code [now Code § 81-1104], which forbids a judge to express or intimate 'his opinion as to what has or has not been proved,' and declares that 'such violation shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted in the court below,' a new trial is ordered. See *West End Street Ry. Co. v. Mozely,* 79 *Ga.* 463; *Covington v. W. & A. R. Co.,* 81 *Ga.* 273 [6 S. E. 593] ; *Georgia R. Co. v. Clary,* 103 *Ga.* 639 [30 S. E. 433]."

It will be noted that the two principles of law are announced in

the same volume of the Georgia Reports and by the same judge. In the instant case the last principle of law announced by Judge Little in *Chattanooga, Rome & Southern R. Co.* v. *Swafford,* supra, is applicable, that is, that the judge violated Code § 81-1104 in expressing "his opinion as to what has or has not been proved." And when the judge in his charge expresses his opinion as to what has or has not been proved he violates this section of the Code, and it is mandatory for this court, in either a civil or a criminal case, to grant a new trial. *Cole* v. *State,* 6 *Ga. App.* 798 (65 S. E. 839); *Brown* v. *State,* 6 *Ga. App.* 538 (65 S. E. 361); *Wright* v. *State,* 5 *Ga. App.* 813 (65 S. E. 936). "On the trial of a suit for damages alleged to have been occasioned by the negligence of the defendant, it is always error requiring the grant of a new trial for the court to charge the jury that given acts constitute negligence, when such acts are not declared by statute to be negligent." *Augusta Railway & Electric Co.* v. *Smith,* 121 *Ga.* 29 (2) (48 S. E. 681). See also *Atlanta, Knoxville & Northern Railway Co.* v. *Bryant,* supra; *Southern Railway Co.* v. *Crawford,* 113 *Ga.* 279 (38 S. E. 828); *Central of Georgia Railway Co.* v. *McKenney,* 116 *Ga.* 13 (42 S. E. 229); *Snowball* v. *Seaboard Air-Line Railway,* 130 *Ga.* 83 (60 S. E. 189).

Under the mandatory provisions of the Code, § 81-1104, we reverse the judgment denying a new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*