## 31093. James *et al. v.* The State.

MacIntyre, J. 1. There being apparently no effort to brief the evidence in the case, and the paper filed as a brief of the evidence being apparently a full transcript of the stenographic report, containing all the questions to the witnesses and their answers, it is not in accordance with the requirements of § 70-305 of the Code.

2. Such a paper being brought to this court as a brief of evidence will not work a dismissal of the writ of error. But if no question can be determined without a consideration of the evidence, an affirmance will be the result. *Crumbley* v. *Brook*, 135 *Ga.* 723 (70 S. E. 655); *Moore* v. *Walton*, 155 *Ga.* 481 (117 S. E. 743); *Augusta-Aiken Ry. &c. Co.* v. *Andrews*, 20 *Ga. App.* 789 (93 S. E. 543).

3. Special ground 3 of the motion for new trial is as follows: "The court erred in failing to fully give to the jury in charge the law of self-defense." Even if this exception was not dependent upon a consideration of the evidence, it is insufficient to present any question for the consideration of this record. "It is settled that a charge abstractly correct in itself is not erroneous merely because an additional instruction especially desired to fit the facts of a particular case is not added by the court ex mero motu, in the absence of a timely written request that the instruction be completed as desired." *Brown* v. *State*, 163 *Ga.* 684 (5) (137 S. E. 31).

4. The other grounds of the motion for new trial can not be determined without a consideration of the evidence, and therefore an affirmance results.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

Decided February 1, 1946. Rehearing denied March 21, 1946.

*C. L. Hilton,* for plaintiffs in error.
*Fred T. Lanier,* solicitor-general, *J. Henry Howard,* contra.