# JANES *vs.* TOMLINSON.

1. When the creditor states in his affidavit under the Garnishment Act, "That he has commenced his action of complaint in the Superior Court of Dougherty county, against Thomas A. Janes, his debtor, and that he has reason to apprehend the loss of said sum, ($732 00 in account), or some part thereof, unless summons of garnishment do issue," it sufficiently identifies the case in which the process is sued out.
2. A garnishment bond is amendable under the Act of 1856, so as to conform to the law.

Garnishment, from Dougherty Superior Court. Decided by Judge ALLEN, June Term, 1860.

Robert L. Tomlinson, pending an action of complaint in his favor against Thomas A. Janes, made his affidavit and gave bond for process of garnishment in his behalf in said case.

At the June Term aforesaid, counsel for Janes moved the Court to dismiss said garnishment process, on the ground that the garnishment bond "did not show that it was given in any case, or that there was any case pending." Where-

Janes *vs.* Tomlinson.

upon, counsel for plaintiff moved to amend the bond by inserting a statement of the case therein. The Court sustained the motion and ordered the bond to be amended. To which defendant's counsel excepted.

(The garnishment affidavit did state that an action of complaint was pending in favor of the said Tomlinson, against Janes).

STROZIER & SMITH, for plaintiff in error.

HINES & HOBBS, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

We are inclined to think the bond was good as it was, and for myself, I am clear, that if it were not, it was amendable under the Act of 1856, which gives to plaintiffs in attachment, and consequently, garnishments, the right to amend their attachment *bonds* or declarations as in other cases at common law.

And as to the security, he signed the bond under the law which authorizes it to be amended, so as to conform to the law. This was his contract.