THE GEORGIA RAILROAD vs. LAWRENCE.

Although the allegations in a declaration may not warrant the intro-
duction of certain evidence to establish a claim on the part of the
plaintiff, yet if it be introduced without objection, it is proper for
the court to charge the jury as to its legal effect.

(a.) In a suit against a railroad company for causing the destruction
by fire of the plaintiff's fences and crops, by the careless running
of its engines, evidence having been admitted without objection
to show that the grass on the right-of-way of the railroad was set
on fire by sparks from the engines, and that from this the fences
of the plaintiff were burned, such evidence tended to show negli
gence on the part of the railroad.

(b) If property of a person has been destroyed by fire, caused by
the running of the engines of a railroad, without fault or negli-
gence on the part of the latter or its agents, in any way, the rail-
road company is not liable.

March 10, 1885.

Railroads.   Damages.   Negligence.   Evidence.   Ver-
dict.   Before Judge RONEY.   Richmond Superior Court.
April Term, 1884.

Reported in the decision.

JOSEPH B. CUMMING, for plaintiff in error.

HOOK & MONTGOMERY, by brief, for defendant.

BLANDFORD, Justice.

Defendant in error brought his action against the plain-
tiff in error, and by his declaration claimed that he had
sustained damages by reason of the careless running of
the engines of plaintiff in error, whereby his fences were
destroyed by fire and his crops injured and destroyed.
Evidence was admitted without objection, which tended to
show that the grass on the right-of-way of the railroad was
set on fire from sparks of the engines of defendant's com-
pany, and that from this the fences of the plaintiff below
were set on fire and destroyed.   This is the only evidence

of neglect on the part of the railroad company. Under the pleadings in the case, it may be that the testimony as to the burning of the grass on the railroad company's right-of way was inadmissible; yet it was admitted without objection; it was before the jury for their consideration, and, as decided by this court in the case of *Ocean Steamship Company vs. Williams*, 69 *Ga.*, 251, where evidence is admitted without objection, although there is no allegation in the declaration authorizing the same, it is proper for the court to charge the jury as to its legal effect. So we think that this testimony tended to show negligence on the part of plaintiff in error.

We are unanimously of opinion, and so rule, that where property of a person has been destroyed by fire on account of the running of the engines of a railroad company, without fault or negligence of such railroad company or its agents in any way, in such a case, the railroad company would not be liable.

There was no error in refusing the new trial.

Judgment affirmed.