SOUTHERN RAILWAY COMPANY v. HORINE.

FISH, P. J.   1. A petition alleging that fire, which the defendant railway company carelessly permitted to escape from its locomotive, ignited litter which the company had permitted to accumulate on its right of way, and spreading therefrom burned plaintiff's property, was amendable by alleging that the company "carelessly" permitted the litter to accumulate.  Such amendment did not set up a new cause of action (*City of Columbus* v. *Anglin*, 120 *Ga.* 785), nor add a second count to the petition.

2. The words "carelessly" and "negligently" are synonymous.

3. The general rule is, that an amendment to a petition relates back to the time of the filing of the original petition, which is the only date to be considered, relatively to the pleadings, on the question as to whether an action is barred by the statute of limitations.

4. "Possession of land under a claim of ownership being prima facie evidence of title in the occupant, the latter, upon proof of such possession, and without showing complete title, may maintain against a wrong-doer an action for a trespass upon the property, committed while such possession existed." *McDonough* v. *Carter*, 98 *Ga.* 703.

5. In the present case there was evidence from which the jury could have found that the plaintiff below was in the actual possession of the land upon which the property burned was situated, claiming it as his own ; and the contention of the plaintiff as to the liability of the defendant for the damages caused by the fire was not without evidence to support it.

*Judgment affirmed.   All the Justices concur.*

Submitted November 18, — Decided December 9, 1904.

Action for damages.   Before Judge Bartlett.   Haralson superior court.   February 3, 1904.

*Hugh M. Dorsey,* for plaintiff in error.
*James Beall* and *Price Edwards,* contra.