## WESTERN AND ATLANTIC RAILROAD COMPANY *v.* BURNHAM, executrix.

1. Where in an action against a railway company for personal injuries the plaintiff seeks to recover on the theory that the employees of the defendant "forcibly and violently removed her from a moving train, in reckless, if not wanton, disregard of her rights and safety," a new cause of action is not added by an amendment which alleges in effect that the plaintiff voluntarily alighted from the moving train with the assistance of the defendant's employees, and that on account of the fact that the train was moving and by reason of the manner in which she was assisted to alight she sustained injury to her person.

2. While in the trial of an action of the nature above indicated evidence that the plaintiff complained of specified pains and injuries is not ordinarily admissible, it will not, in a given case, be cause for a new trial that evidence was admitted that the plaintiff merely *complained*, and stated that she had received a jolt in alighting from the train.

3. The instructions of the court on the subjects of contributory negligence, the degree of diligence required of the defendant, and the duty of the plaintiff as to avoiding the consequences of the defendant's negligence were not so confused and connected with each other as to be misleading.

4. When all of the instructions on the subject of the measure of damages are considered together, there was no material error in the charge on that subject.

5. The charge that it was the duty of the defendant to stop the train "long enough" at its station for the plaintiff to alight was not erroneous because an expression of opinion as to what would be negligence, but was a correct statement of a rule of law applicable to one of the issues in the case. It was inaccurate to charge that the defendant should have furnished the plaintiff a safe place to alight, because there was no allegation in the petition to warrant such an instruction; but this inaccuracy is not cause for a new trial in this case.

6. The evidence warranted the verdict, and there was no abuse of discretion in refusing to set it aside.

Argued April 15, — Decided May 13, 1905.

Action for damages.  Before Judge Fite.  Gordon superior court. October 29, 1904.

When this case was before this court at the October term, 1902, it was held that the petition, properly construed, sought to recover on the theory that the defendant's employees, against the plaintiff's will, "forcibly and violently removed her from a moving train, in reckless, if not wanton, disregard of her rights and her safety;" and that as there was no evidence to support this theory, a verdict in favor of the plaintiff was not authorized.  116 *Ga.* 448.    At the second trial the plaintiff offered an amendment, in which she alleged, that she was not discharged from the car in the manner that she should have been, or with the care and caution that the defendant's employees should have exercised; that when, with her baby in her arms, she got upon the bottom step of the platform with a view of getting off the train, it began to move; that the conductor and flagman negligently omitted to order the train stopped, and while it was in motion took the plaintiff by the arms and discharged her from the car, and, though supported by them, she struck the ground more violently than under other conditions might have happened; that as a result of

the negligence of the defendant in not stopping the train for the purpose of discharging the plaintiff and "in lifting or assisting her off while the car was yet in motion," she was injured and damaged. The defendant objected to the allowance of the amendment, on the ground, among others, that it set forth a new cause of action. The court allowed the amendment. The trial resulted in a verdict against the defendant, for $600. It excepted to the allowance of the amendment, and to the overruling of its motion for a new trial.

*Payne & Tye* and *Starr & Erwin,* for plaintiff in error.
*W. R. Rankin* and *Cantrell & Ramsaur,* contra.

FISH, P. J.    1. Counsel for the plaintiff in error contend that the amendment, properly construed, made no material change in the original petition; but that if it can be construed to vary materially from the petition in the allegations as to the manner in which the injury was sustained and the negligence of the defendant, it set forth a new cause of action, and for this reason should not have been allowed. There were other grounds of objection, but they were not referred to in the brief of counsel for the plaintiff in error. The original petition, as construed by this court, charged that the plaintiff was forcibly and against her will removed from the car, whereas the amendment avers, not that the plaintiff was forcibly removed from the car, but that she was assisted to alight under such circumstances and conditions as to result in injury to her person. We think it clear that the amendment differs from the original petition in material particulars as to the details of the transaction which resulted in the plaintiff's injury. The amendment did not set forth a new cause of action. This subject was so exhaustively, ably, and thoroughly discussed by the Chief Justice, in *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 790 et seq., that it would be a work of supererogation to attempt to throw any additional light on the abstract question there discussed. The key to the whole matter lies in the proposition there announced (p. 791), that "so long as a plaintiff pleads but one wrong, he does not set up more than one cause of action." See also *Insurance Co.* v. *Leader,* 121 *Ga.* 260 (2), 268; *So. Ry. Co.* v. *Horine,* 121 *Ga.* 386 (1); *Cen. of Ga. Ry. Co.* v. *Henson,* 121 *Ga.* 462. Tested by the rules laid down in these cases, we have no

difficulty in reaching the conclusion that the amendment did not set forth a new cause of action. The cause of action was the same as that declared on in the original petition, to wit, the wrong done the plaintiff by negligently injuring her in the manner in which she alighted from the train. · Or, to state it differently, the plaintiff had a right to disembark safely from the train. The wrong consisted in violating this right. The manner in which it was violated was a minor fact and might be changed by amendment. New charges of negligence could be thus added if they contributed to or related to the same wrong. *So. Ry. Co.* v. *Horine,* supra. The amendment sought merely to change the description of the details or minor facts of the transaction. It did not change the main fact. The wrong in each case was the same. A plaintiff may in different counts of a petition set forth the same cause of action in as many different ways as he sees proper. *Gainesville Ry. Co.* v. *Austin,* 122 *Ga.* 823. Whether he can do so in the same count is, however, a question of some difficulty, and one which need not be decided in the present case. Nor need we decide whether the amendment in the present case should be treated as adding a new count to the petition, or as making contradictory averments of fact in the same count, none of the allegations of the original petition having been stricken. The objection to the amendment raised no such question, but alleged merely that the amendment set forth a new and distinct cause of action. This objection was not well taken.

2. In one ground of the motion for a new trial error is assigned upon the admission of testimony that the plaintiff " complained" the night after the injury, and just as she got off the train said " that was quite a jolt, or something to that effect." In *A., K. & N. Ry. Co.* v. *Gardner,* 122 *Ga.* 82, it was held to be error, in the trial of an action for personal injuries, to admit testimony that the plaintiff complained to her physician " of backache and pains in her hips." In the present case, however, it does not appear that the plaintiff complained of any particular pain or injury, but that she simply *complained* and stated that she had received quite a jolt. We are unable to see how this testimony could have prejudiced the defendant in any way or have resulted in any harm to its case. The admission of the testimony was not cause for a new trial.

3. Complaint is also made that the court charged in the same connection the principles of law laid down in the Civil Code, §§ 2322, 3830; and it is contended that, under the ruling in *Americus Ry.* v. *Luckie,* 87 *Ga.* 6, which was followed in *Macon Ry. Co.* v. *Moore,* 99 *Ga.* 229, and in *Savannah Ry. Co.* v. *Hatcher,* 118 *Ga.* 273, a new trial should have been granted. In the charge complained of, the judge instructed the jury that, the plaintiff being a passenger, the defendant was bound to exercise extraordinary care. He then defined this degree of diligence, and stated that if the defendant failed to exercise it the plaintiff could recover, if she could not, by the exercise of ordinary care, have prevented the injury. The judge then charged the law relating to contributory negligence, prefixing the instruction and separating it from the other charges by the word "again." The law was correctly given on all the subjects dealt with, and we do not think the different principles were so confused and connected with each other as to be misleading. The case differs from those cited and relied on by the plaintiff in error.

4. Complaint is also made of the charge on the subject of the measure of damages, wherein the court instructed the jury that the plaintiff could recover for the "actual injury sustained by her." It is claimed that the language quoted is too broad. When this language is read in connection with the other portion of the charge, it is perfectly plain that the court intended to restrict the plaintiff to a recovery of damages for pain and suffering arising from the injuries alleged in the petition and supported by testimony. The jury were distinctly instructed that, as the plaintiff was a married woman, no recovery could be had for lost time, diminished capacity to labor, or expenses of medical attention. The only measure of damages for pain and suffering is the enlightened conscience of an impartial jury; and this the court charged.

5. The court charged that it was the duty of the defendant to stop its train long enough for the plaintiff to alight, and to furnish her a reasonably safe place to get off. It is contended that this is an expression of opinion as to what would constitute negligence, and that there was no allegation in the petition that the defendant had not furnished a safe place for the plaintiff to alight from the train. We do not think the charge contained any expression of opinion which would violate the rule laid down in the code, that

a judge must not express or intimate any opinion as to what has or has not been proved. The judge was merely stating to the jury the rule of law applicable to one of the issues in the case. It is certainly good law that a carrier of passengers must stop its train at stations a reasonable time for passengers to alight. The expression "stop long enough" for the plaintiff to alight was not strictly accurate, but no criticism was made on this language. The judge was not dealing with a question of negligence, but was strictly within his province in charging the jury the rules of law by which they were to be governed. It was, however, inaccurate to refer, in the charge, to a safe place at which to alight. There was no allegation in the petition rendering such an instruction pertinent, and it should not have been given. But we do not think this inaccuracy would require the granting of a new trial. This is the second verdict in the case, and one reasonable in amount. The case was fairly tried, and this slight inaccuracy ought not to work a new trial.

6. There was evidence which supported the allegations in the amendment to the petition, and the verdict was therefore not without evidence to support it.

*Judgment affirmed. All the Justices concur, except Candler J., absent.*