1140.   SEABOARD AIR-LINE RAILWAY *v.* HUTCHINSON.

1. A party who institutes garnishment proceedings under the provisions of section 4708 of the Civil Code, based on a pending suit, may state, in his affidavit for garnishment, that "the amount claimed to be due in such action" is a less amount than that specified and claimed in the original suit; and the garnishment bond required in such event will be "in a sum at least equal to double the amount sworn to be due," without reference to the amount claimed in the main suit.
2. Where garnishment proceedings are instituted under the provisions of section 4708 of the Civil Code, based on a pending suit, and the plaintiff states, in his affidavit, that "the amount claimed to be due in such action" is a smaller sum than that specified in the damnum clause in the main suit, he can amend the declaration by reducing the amount therein claimed, so as to make it conform to the amount sworn to be due in the affidavit for garnishment. The amendment, when filed relates back to the time of the filing of the original suit.

Garnishment, from city court of Atlanta—Judge Reid. April 4, 1908.

Argued July 2,—Decided July 25, 1908.

*Brown & Randolph,* for plaintiff in error.

*Smith & Hastings, Smith, Hammond & Smith, Tye, Peeples, Bryan & Jordan, Dorsey, Brewster, Howell & Heyman, J. H. Porter,* contra.

HILL, C. J.   Hutchinson sued the Seaboard Air-Line Railway to recover damages for personal injuries in the sum of $25,000. Pending the case he sued out garnishment proceedings, stating in his affidavit that he claimed to be due him in his suit the sum of $10,000. The garnishment bond was in the sum of $20,000. The defendant filed a demurrer to the affidavit and bond for garnish-

ment, and made a motion to dismiss the garnishment proceedings, both based upon the proposition that the variance in the amount sued for in the main suit and the amount claimed to be due in such action as stated in the affidavit for garnishment constituted a fatal defect. Before the hearing of the demurrer, and the motion to dismiss, the plaintiff amended his original petition, by changing the amount claimed as damages from $25,000 to $10,000, so as to make it conform to the affidavit and the bond for garnishment. Two questions of law are presented for the decision of this court. (1) Is an affidavit in a garnishment proceeding based on a pending suit, which states that "the amount claimed to be due in such action" is a less sum than the amount claimed in the main action, a compliance with the statutory requirements for the issuance of garnishment proceedings? (2) If such variance is material, can it be cured by an amendment of the original suit, reducing the amount sued for, so as to make it conform to the amount claimed to be due in the affidavit for garnishment?

1. Section 4708 of the Civil Code, providing for the institution of garnishment proceedings, so far as it relates to the question now under consideration, is as follows: "The plaintiff, his agent or attorney at law, shall make affidavit before some officer authorized to issue an attachment by this code, stating the amount claimed to be due in such action, or on such judgment" (the words "such action" referring to the pending suit on which the garnishment proceeding is based). The plaintiff in error contends that the proper interpretation of the above language is that the affidavit for garnishment must state, as "the amount claimed to be due," the amount specified in the pending action. The defendant in error insists that the phrase "in such action" applies to the word "due," and not to the word "claimed;" so that the party seeking the garnishment is required to state in his affidavit how much he claims is due in the pending action at the time of making the affidavit, regardless of the amount specified in such action as being due. The exact point now under discussion seems never to have been before the Supreme Court, and we will accept that construction of these words of the statute which appears to us to be in harmony with sound judicial policy. A party may, and frequently does, sue for a larger amount than he really claims or expects to recover. Indeed, in suits to recover damages for per-

sonal injuries, this is generally the rule. The plaintiff is not required to swear to the amount he claims in his main suit. But when he wants process of garnishment issued on his pending suit, he must "make affidavit . . stating the amount claimed to be due in such action." He has already stated the sum claimed as due him in his main suit, and this is a matter of record. No serious injury can happen to the defendant or any one else by the filing of the main suit. But garnishment is a summary remedy which does affect the right of the defendant, and may affect the garnishee. Before the plaintiff can avail himself of this summary statutory remedy, he must state, under oath, the amount he really claims to be due him in his pending action, so that the rights of the defendant will be protected in the event that the plaintiff fails to recover in his suit, or that the money or property sought to be garnished was not subject to the process of garnishment. ˙Section 4718 of the Civil Code provides that garnishments may be dissolved by the defendant, by giving a bond "conditioned for the payment of the judgment that shall be rendered on said garnishment." The condition of the bond is not to pay the judgment that is rendered in the main suit, but to pay the judgment rendered on the garnishment proceedings. No greater judgment can be rendered in the garnishment proceedings than the amount which the plaintiff claims to be due him in such proceedings, regardless of the amount of his claim in the main suit. It would seem to be unnecessary to require the plaintiff to give a bond in a larger amount than would be required to protect the defendant because of the garnishment proceedings. Nor will this view impose any hardship upon the defendant; for he can dissolve the garnishment by filing a bond, as before stated, "conditioned for the payment of the judgment that shall be rendered," not in the main suit, but "on said garnishment." While the practice in garnishment proceedings has been to name in the affidavit the amount claimed by the plaintiff in his original suit, and to execute a bond in double the amount so claimed, yet we see no reason in law or logic why the plaintiff can not state in his affidavit for garnishment the sum he actually claims to be due him in his main suit, and why a bond in double the amount of the sum so claimed would not be sufficient to meet all the requirements of the statute, and to fully protect the rights of the defendant.

2.   But even if not correct in the foregoing construction of the statute on this subject, we think any variance between the amount claimed in the original suit and the amount claimed in the affidavit to obtain garnishment is amendable.   Section 4564 of the Civil Code allows the plaintiff in attachment "to amend his attachment, or bond, or declaration, as in other cases at common law;" and the Supreme Court, in *Janes* v. *Tomlinson*, 30 *Ga.* 540, held that this act was also applicable to garnishment proceedings; in *Irwin* v. *Howard*, 37 *Ga.* 18, an attachment bond was amended so as to make the amount of the bond twice the sum sued for; and in *Gregory* v. *Clark*, 73 *Ga.* 542, it was held generally that the provisions of the code relative to garnishments and attachments should be construed in pari materia, so as to give effect to every part of each of them.   It is clear that any variance between the garnishment proceedings, including the affidavit and the bond and the main suit, may be cured by amending the affidavit or by amending the bond (of course, with the consent of the sureties, when the bond is amended).   Certainly there is no more sanctity in the main suit than in the garnishment suit, and no reason why the former could not be amended to conform to the latter as well as the latter could be amended to conform to the former.   The policy of our law is to allow defects in all proceedings to be cured by amendment, where no injury results to either party.   It is difficult to see how an amendment to a main suit, reducing the amount sued for, so as to make it conform to the amount stated in the affidavit upon which the garnishment was based, can work any injury to the defendant, the garnishee, or any other party who may claim the fund garnished.   Theoretically the main suit and the garnishment suit based upon the main suit may be entirely different, and each may proceed to judgment for an entirely different amount.   Practically the garnishment suit is dependent upon the main suit.   It is an incident of the main suit, and can amount to nothing unless success is first reached in the main suit.   Therefore, any amendment which is not injurious to the opposite party, which has the effect of making the garnishment suit conform to the main suit, or vice versa, should be allowed.

The amendment that was properly allowed in this case, as we think, of the main suit, reducing the amount sued for from $25,000 to $10,000, related back to the time of filing the original suit,

34

and took effect as of that date. *A., K. & N. Ry. Co.* v. *Smith,* 1 *Ga. App.* 162 (58 S. E. 106); *Wells* v. *Wells,* 118 *Ga.* 812 (45 S. E. 669); *Southern Ry. Co.* v. *Horine,* 121 *Ga.* 386 (49 S. E. 285). It follows that, with the amendment, the main suit and the garnishment proceedings were in accord on the subject of the amount claimed by the plaintiff.          *Judgment affirmed.*