### 14838.   STANFORD v. ÆTNA INSURANCE COMPANY.

JENKINS, P. J. The defendant insurance company issued a policy of fire insurance, which contained a provision to the effect that suit could not be filed thereon until after 60 days had elapsed from the giving of the proof of loss as required by the terms of the policy. Within less than 60 days from the rendition of such proof the insured filed a suit on the policy, alleging that notice of proof of loss had been given as required by the policy, but showing on its face that the suit was brought within less than 60 days thereafter. The defendant filed a plea in abatement, setting up, as the sole reason why the suit could not be maintained, that the petition was brought prematurely. During the trial on the issue raised by the plea, the plaintiff amended his petition by striking the allegations setting up the furnishing of proofs of loss as required

by the terms of the policy, and alleging in lieu thereof that the defendant company had made an absolute refusal to pay the claim. This amendment was allowed without objection or exception by the defendant. The defendant, without amending its plea in abatement, proceeded in the trial thereon, and under the evidence submitted, which consisted of the pleadings, the entries thereon, and certain provisions of the policy, a verdict was directed, sustaining the plea in abatement and dismissing the suit. To this the plaintiff excepts. *Held:*

An amendment to a plaintiff's petition relates back to the commencement of the suit. *Sanders* v. *Allen,* 135 *Ga.* 173 (1) (68 S. E. 1102); *Southern Ry. Co.* v. *Horine,* 121 *Ga.* 386 (3) (49 S. E. 285). Accordingly, the petition as amended without objection or exception by the defendant was brought under the provisions of section 2490 of the Civil Code (1910); and notwithstanding that the court, in the absence of any motion to dismiss the plea in abatement, might possibly have been authorized to adjudicate the fact that the suit was brought within less than 60 days after proofs of loss had been furnished, this would not have authorized a dismissal of the action, which on its face was based upon another and different theory under the authority of the statute. The question here relates solely to the action of the court in determining the issue raised by the plea in abatement. The demurrers referred to in the briefs are not even contained in the record. Consequently, the references made in the brief of counsel for the defendant in error to the inadequacy of the petition as amended to show a waiver of proof of loss, and the references made in the briefs of counsel for the defendant in error to the sufficiency of the allegation as to an absolute refusal to pay by the defendant company, or by an agent of the company whose duty it was to determine and ascertain its liability, cannot now be considered. See also *Bland* v. *Bird,* 134 *Ga.* 74 (2 b) (67 S. E. 427).

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided March 13, 1924. Rehearing denied June 16, 1924.

Action on fire-insurance policy; from Montgomery superior court—Judge Graham. May 10, 1923.

Application for certiorari was denied by the Supreme Court.

*A. C. Saffold, W. J. Wallace, L. C. Underwood,* for plaintiff.

*M. B. Calhoun, Spalding, MacDougald & Sibley,* for defendant.