## SATTERFIELD *v.* MEDLIN *et al.*

1. The exceptions to excerpts from the charge of the court, set out in divisions 1, 2, and 3 of the opinion, are without merit.
2. The other grounds of the motion for new trial, complaining of certain charges of the court, are without merit.

3. The newly discovered evidence is not cause for a new trial, as it is merely cumulative in character.

4. The evidence authorized the verdict in favor of the defendants.

No. 4791. NOVEMBER 14, 1925.

Equitable petition. Before Judge Wright. Chattooga superior court. January 31, 1925.

J. B. Satterfield brought suit again W. B. Medlin, Mrs. E. K. Medlin, Miss A. M. Godwin, of Chattooga County, and J. C. Doss, of Fulton County, and alleged in substance as follows: On December 14, 1920, W. B. Medlin executed and delivered to the Bank of Commerce, of Chattooga County, his mortgage note for the sum of $5,000, and in order to secure the payment of the note he mortgaged to the bank five city lots in the town of Summerville. The mortgage note was filed for record on December 15, 1920; thereafter the same was transferred to and assigned to plaintiff by the Bank of Commerce. On December 15, 1920, Medlin executed and delivered to the Bank of Commerce a similar mortgage note for the sum of $1200, covering the same property as the first mortgage, and recorded on January 2, 1921. At the time the two mortgages were executed and delivered Medlin was in open and notorious possession of the property, occupying the same as a home, and represented to the bank that he was the owner thereof and had a right to make the mortgages, and that there was no prior lien or mortgage against the same. In making the mortgage notes there was a mutual mistake by which one of the lots was described as lot No. 5, when it should have been lot No. 6. Sometime in the spring of 1921 Mrs. E. K. Medlin, the wife of W. B. Medlin, for the first time claiming that she had any interest in the property, undertook to make a sale of the property, subject to the lien of the two mortgages, to Miss Annie M. Godwin and J. C. Doss, and executed and delivered to them a bond for title for the property, the deferred payments being represented by three promissory notes dated March 3, 1921. After the transfer to plaintiff of the $5000 mortgage note, plaintiff left the same with N. K. Bitting as his agent to look after the collection thereof. Bitting was also cashier of the Bank of Commerce, and was looking after its interest in and claims against the property. Before Annie M. Godwin and J. C. Doss would complete the trade and execute the notes in compliance therewith, they demanded assurances that an unencumbered title would be made to them upon the payment of the notes

given by them to Mrs. Medlin; and thereupon it was agreed that if N. K. Bitting would sign the bond for title as agent for the plaintiff and the Bank of Commerce, the notes would be executed to Mrs. Medlin. Bitting agreed to this, and did sign the bond for title along with Mrs. Medlin, provided she would indorse and deliver to him, as agent for the plaintiff and the Bank of Commerce, the purchase-money notes given by Miss Godwin and Doss as collateral security for the $5000 mortgage note held by the plaintiff, and the $1200 mortgage note held by the bank. In accordance with this agreement, Mrs. Medlin indorsed and turned over to Bitting the three purchase-money notes above referred to, with the understanding that the proceeds thereof should be applied to the payment of the note held by the plaintiff and the note held by the bank, and any balance arising therefrom should then be turned over to Mrs. Medlin. The three purchase-money notes were in the hands of Bitting for the purposes aforesaid, and no part thereof had been paid except the sum of $64 as interest on one of the notes. At the time the $5000 note was transferred and assigned to him, plaintiff had no notice whatever of any claim of title or interest in said property on the part of Mrs. Medlin, and the first notice he or the Bank of Commerce or their agents had of any such claim on her part was the transaction above referred to, and at the time Mrs. Medlin recognized both of said mortgages as existing and outstanding liens against the property.

On March 29, 1921, there was recorded in the office of the clerk of the superior court a certain conveyance from W. B. Medlin to Mrs. E. K. Medlin, purporting to bear date September 17, 1920, conveying the property described in the two mortgages, for a purported consideration of $6200; but plaintiff alleges that the same was not executed on the date it is purported to have been executed, but it was actually executed subsequently to the date of the two mortgages; and he also alleges that there was no valuable consideration for said conveyance, but that the same was a voluntary conveyance from husband to wife. At the time the conveyance was actually executed Mrs. Medlin knew of the existence of the two mortgages referred to. If the plaintiff's information as to the date of the execution of the conveyance from Medlin to his wife was incorrect, then the conveyance was ineffectual as against the mortgage of the plaintiff and the bank, for the reason that the

conveyance had never been recorded at the time said mortgages were taken. Neither plaintiff nor the bank, nor their agents, had any notice of the existence of said conveyance. The records of deeds of the county showed that Medlin claimed that the property belonged to him and was free from any lien or incumbrance. He was in possession of the property, just as he had been for several years prior thereto; the property was returned for taxation in his name, and he was in all respects the ostensible owner of and in possession of the property; and by withholding the conveyance from the record, without any notice of her claim to said property, Mrs. Medlin permitted a fraud to be perpetrated upon the bank at the time the money was loaned and the mortgage notes accepted; and by reason of all the facts and the conduct of Mrs. Medlin, as set out in the petition, she is estopped from setting up any claim of title or interest in the property under the purported deed, as against the rights of plaintiff and the Bank of Commerce under said notes and mortgages. It is alleged upon information and belief that the conveyance from Medlin to his wife was made for the purpose and with the intent to hinder, delay, and defraud his creditors, and that such intent and purpose was known to Mrs. Medlin. It was in reality a voluntary conveyance, and it rendered Medlin insolvent and unable to pay his debts. The money advanced by the bank on the two mortgage notes was for the purpose of paying off the balance due by him on the purchase-price of the property and to pay for the construction of a residence thereon, with the understanding that Medlin would execute and deliver to the bank a lien on the property to secure the payment thereof; and all this was known to Mrs. Medlin. Plaintiff's $5000 mortgage note is a first lien on the property, and the lien of the Bank of Commerce is a second lien. Plaintiff prays that the mortgage be so corrected as to convey lot No. 6 instead of lot No. 5; that an equitable foreclosure of his mortgage be decreed against the property, with the correction above referred to; that a sale of the property be ordered, the proceeds of the sale be applied to the payment of the amount due to him, and the surplus to the liens or claims of the other parties, as is finally adjudged by the court; that the court decree that Mrs. Medlin be estopped from setting up any claim of title as against the rights of the plaintiff and the Bank of Commerce, etc.

W. B. Medlin and Mrs. E. K. Medlin filed an answer denying the material allegations of the petition, and expressly denying that the mortgages were ever made as alleged. Miss Annie M. Godwin and J. C. Doss filed no answer. The Bank of Commerce filed an answer, and in effect adopted the allegations of the petition and the prayers thereof, and prayed further that its mortgage be set up as a lien against the property, second only to that of the plaintiff. On the trial of the case a verdict was rendered by the jury in favor of the defendants. The plaintiff made a motion for new trial, which was overruled, and he excepted.

*J. M. Bellah* and *Maddox, Matthews & Owens,* for plaintiff.

*John D. & E. S. Taylor, B. E. Neal,* and *Denny & Wright,* for defendants.

HILL, J. (After stating the foregoing facts.) There are so many criticisms of the charge of the court to the jury that we set out the material portions thereof at some length. We are of the opinion, after reading the pleadings and evidence, that the contentions of the parties are clearly and fairly stated by the trial judge, and that the excerpts from the charge which are complained of are without merit. The general charge, which is material for a consideration of the criticisms upon it hereafter dealt with, is as follows:

"The first question you should decide in this case is this: whether or not Medlin executed these two mortgages, the one which Satterfield claims to hold, and the one to the bank. If you find he did not execute them, that they were filled in after he signed certain blank papers, as he claims, then both mortgages would fail, and the plaintiff would be entitled to no relief whatever, or to recover anything whatever, and you would stop right there and find in favor of the defendants. But if you find Medlin executed these mortgages, you would then go further and see whether or not the mortgage for five thousand dollars in this case would have preference, as the plaintiff contends in his petition it is entitled to, that is, that it should be a first lien on this property so mortgaged. Now, in determining that question, I charge you that it will be necessary for you to look and see whether or not this deed from Medlin to Mrs. Medlin is a bona fide deed, made in good faith and not for the purpose of hindering, delaying, or defrauding the creditors of Medlin, or whether it is not void for failure to record.

18

In the event you find that the five-thousand-dollar mortgage and the twelve-hundred-dollar mortgage are both due, one thing you should do in determining them is to determine where the credit for eight hundred dollars falls, whether it is to be credited on the five-thousand-dollar mortgage, or on the twelve-hundred-dollar mortgage to the bank. The plaintiff insists this credit should go on the five-thousand-dollar mortgage, and that it was so credited; and the defendant Medlin contends that he paid this eight hundred dollars on the twelve-hundred-dollar mortgage at the bank, and that he directed it so credited on this twelve-hundred-dollar mortgage. I charge you, if you find that Medlin paid the eight hundred dollars and that Medlin had two notes at the bank, one for five thousand dollars and one for twelve hundred dollars, or mortgages for those amounts, that Medlin, the payer of the eight hundred dollars, had the right to direct on which note or mortgage it should be applied; and if he directed it to be applied to the twelve hundred dollars, it should be applied there. If he merely paid it in without direction as to which note or mortgage it should be applied on, the bank would have the option of applying it on either of the papers held by them. You will look and see whether or not Medlin gave any direction about the application; and if he did direct it should go on the twelve-hundred-dollar mortgage or note, it should go there; if he paid it in without direction, and the bank applied it to the five-thousand-dollar note, it should go there. So you will determine that question—on which note this eight hundred dollars should be credited. . . I charge you that if this five-thousand-dollar note only had one witness, while it went to record, it was not a legally recorded mortgage; and if you should find that Mrs. Medlin took a deed from her husband to this property, and even though this five-thousand-dollar mortgage with one witness may have been recorded first, if nothing else appears, if the deed was a good deed, if the deed was not fraudulent for any reasons set up, then I charge you the deed to Mrs. Medlin would be superior to this five-thousand-dollar mortgage, because the deed to Mrs. Medlin was properly executed and put on record, and the five-thousand-dollar mortgage was not properly executed and was not legally recorded; but as between Medlin and the bank, who originally took the note, and Satterfield, the instrument was a good instrument and binding. I charge you that, even though the deed

may have been first legally recorded, if you should find that this deed from husband to wife was fraudulent for the reason it was made to hinder, delay, and defraud creditors of Medlin, that that would defeat the deed so far as this mortgage is concerned; but, upon the contrary, if Mrs. Medlin paid her money for this property, if she took the deed in good faith, and if the transaction was fair between husband and wife, the deed from Medlin to his wife would be superior to this five-thousand-dollar mortgage, unless the deed should be defeated upon the other attack made upon it—that it was not promptly recorded and was held off the record, and for that reason that the bank was defrauded. You look and see on that question whether or not this was a fair deed between husband and wife, whether she paid her money for it, whether she entered into a fraudulent scheme with her husband to defeat the bank. If it was fair, her deed ought to be set up against this five-thousand-dollar mortgage; if not, it would not.

"In the event you find this deed is fair so far as Mrs. Medlin is concerned, and superior to the mortgage so far as the attack on it is concerned that it was made to hinder, delay, and defraud the creditors of Medlin, you will look further and see whether or not it is valid in this way—see whether it is superior to the five-thousand-dollar mortgage or not, or whether the five-thousand-dollar mortgage is superior to it for the reason it was withheld from the record by Mrs. Medlin for a number of months, and the plaintiff in this case, acting in good faith, believed that title to the property was in Medlin and took a mortgage on it. In that connection I charge you that if Mrs. Medlin, by withholding her deed from record, put it in the power of her husband to get credit on the strength of this land and to cheat his creditors who are parties to this suit, the right of such creditors to subject the property to the payment of their debt is superior to the rights of Mrs. Medlin. So look and see whether or not Mrs. Medlin intentionally kept hidden and secret this deed of hers from the record, and the bank was induced to take a mortgage, believing the property was in her husband, her husband being in possession of the property and exercising control and ownership of it and having ostensible title to it of record; and if you should find she should be estopped for that reason—by her failure to record this deed, then you might defeat her right to set up this deed as against the mortgage of five thou-

sand dollars. So look and see whether or not the right of Mrs. Medlin to set up her deed against this mortgage, either because the deed was not fair, or because it was made for the purpose of delaying, defrauding, or hindering the creditors of Medlin, or because of failure to record, should be defeated. If so, you would declare the five-thousand-dollar mortgage a superior lien to the deed; if not, you would declare the deed a superior to the five-thousand-dollar mortgage. . . "

1. The first special ground of the motion for new trial complains of the court's instruction to the jury in stating the contentions of the plaintiff, as follows: "He says, in addition to its being void, that Mrs. Medlin for some months after the alleged date of its execution and delivery kept this deed to her off of the record, intentionally kept it off of record, and that Medlin paid the taxes on the property and was in possession of the property, and that the bank in good faith dealt with Medlin that way, and that Mrs. Medlin by so acting had put it in the power of Medlin to defraud the bank, and that therefore she would be estopped from setting up her deed as against these bank mortgages." The criticism is that the statement of plaintiff's contentions as set out above is in conflict with and not in accordance with his petition in the case. This contention of the plaintiff in error is without merit. The petition alleged, in the 13th paragraph, "That by withholding said conveyance from record, and without giving any notice of any claim on their part to said property, she [Mrs. Medlin] permitted a fraud to be perpetrated upon the Bank of Commerce at the time it loaned said money to W. B. Medlin and accepted the mortgage notes upon the belief and faith in his representations that he was the true owner of the property and had a right to mortgage the same," etc. The plaintiff in error also complains of that portion of the charge where the judge instructed the jury to "look and see whether Mrs. Medlin intentionally kept hidden and secret this deed of hers from the record, and the bank was induced to take a mortgage, believing the property was in her husband, her husband being in the possession of the property and exercising control and ownership of it and having the ostensible title to it of record; and if you should find that she should be estopped for that reason —by her failure to record this deed, then you might defeat her right to set up this deed as against the mortgage of five thousand

dollars." One of the objections to this charge was the same as that set out above with reference to the statement of the contentions of the plaintiff—that the deed was *intentionally* kept off the record, when the petition did not allege that the same was *intentionally* kept from the record, but merely that she failed to have the same recorded. This exception is without merit upon the above ground, or upon the ground that it placed upon the plaintiff the burden of proving to the satisfaction of the jury that the deed was intentionally kept from the record. As before stated, the petition of the plaintiff alleged substantially that fact, and he can not complain of the charge which is in substantial accord with the allegations of his petition. Nor is there merit in the contention that this charge was vague and indefinite, and merely charged the jury that her failure to record the deed "might" defeat her right to set up the same as against the plaintiff's mortgage instead of charging them that it "would" defeat her right to do so. Immediately in connection with the above charge, where the court used the word "might" defeat a recovery, after recapitulating the contentions of the parties he used the word "would" defeat her right to set up the deed, as will be seen from the general charge.

2. The third and seventh grounds of the motion for new trial complain of the following excerpts from the charge: "Mr. Medlin and Mrs. Medlin answered this petition, and Medlin says that both mortgages, the mortgage held by the bank and the mortgage held by Satterfield, are not genuine, that he never signed them as mortgages, and that they ought not to be foreclosed at all and ought not to be set up as a lien on this property, because he never signed these mortgages. In other words, he says he signed blank notes, and that this mortgaged property was injected and written in them after he signed them and without his knowledge or consent. Of course, if you find this contention of Medlin's to be true, that would end the prayers of the petition, and you would find against both mortgages right to start with." And, "The first question you should decide is this, whether or not Medlin executed these two mortgages, the one which Satterfield claims to hold, and the one to the bank. If you find he did not execute them, that they were filled in after he signed certain blank papers, as he claims, then both mortgages would fail, and the plaintiff would be entitled to no relief whatever, or to receive anything whatever, and you would

stop right there and find in favor of the defendant." The objection urged against these excerpts from the charge is that they are not adjusted to the pleadings in the case, and that the defendant, Medlin, did not file any plea of non est factum, and in his answer did not set up any such contention as is stated by the court in the charge. In the light of the evidence in this case we are of the opinion that the criticism of the charge is without merit. Evidence was offered in the case, without objection, that when the mortgages were signed the property claimed to be mortgaged was not included in the blank left for that purpose; and it has been held by this court that although the allegations in a declaration may not warrant the introduction of certain evidence to establish plaintiff's claim, yet, if the evidence is introduced without objection, it is proper for the court to charge the jury as to its legal effect. *Ga. R.* v. *Lawrence,* 74 *Ga.* 534. Furthermore, to the allegations that the defendant executed such a mortgage, he filed his answer denying such allegation, which was in effect a plea of non est factum.

3. It will also be observed that the court instructed the jury to determine first whether or not Satterfield's mortgage was valid, that is, whether the property claimed to have been mortgaged was in the note at the time it was signed, and if the jury found that it was not, then they need not go any further, but that they should find for the defendant. If we assume that the verdict of the jury, which was for the defendant, meant that the jury had found that the mortgage was not valid, for the reason that at the time it was signed the property claimed to be mortgaged was not in the note, then obviously that would dispose of the entire case, for the reason that if Medlin had executed no mortgage, there was nothing else for the jury to find. But we can not assume that. The verdict is merely, "We, the jury, find for the defendant." It may be that the jury found for the defendant on some other issue in the case, for instance, that notwithstanding the fact that Satterfield had a valid mortgage, it was inferior to the deed to Mrs. Medlin, on the ground that there was no proper execution and record of the mortgage, it having but one witness, and consequently was not entitled to record.

4. The other assignments of error on excerpts from the charge

of the court have been examined, and are without substantial merit, and therefore do not require the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Hines, J., dissenting.*