### BANK OF COMMERCE *v.* MEDLIN *et al.*

1. The decision in this case, upon the second, third, fifth, sixth, seventh, and eighth grounds of the amended motion for a new trial, is controlled by the decision of this court in *Satterfield* v. *Medlin,* 161 *Ga.* 269 (130 S. E. 822).

2. The remaining grounds of the motion for a new trial are without merit.

No. 4795.  DECEMBER 18, 1925.

Equitable petition. Before Judge Wright. Chattooga superior court. January 31, 1925.

*James Maddox, J. M. Bellah,* and *Maddox, Matthews & Owens,* for plaintiff in error.

Courts 15 C. J. p. 919, n. 1.

*John D. & E. S. Taylor, B. E. Neal,* and *Denny & Wright,* contra.

RUSSELL, C. J. The facts of the present case are fully stated in *Satterfield* v. *Medlin,* 161 *Ga.* 269 (130 S. E. 822), and, as stated in the brief of counsel for plaintiff in error, "This case is identical with case No. 4791, of this court, Satterfield v. Medlin, being a part of the same proceeding. . . " As stated in the *Satterfield* case, the plaintiff in error in this case, the Bank of Commerce, though named as a defendant, filed an answer in which it practically adopted the allegations of the petition of Satterfield. The jury returned a verdict in favor of the defendants, W. B. Medlin and Mrs. W. B. Medlin, his wife, and the Bank of Commerce filed a motion for a new trial, which was overruled. This judgment is excepted to in the present writ of error. The second, third, fifth, sixth, seventh, and eighth grounds of the amended motion present the same exceptions as those ruled upon in the *Satterfield* case, supra, and are therefore controlled by the prior decision of this court.

The first ground of the amended motion, which complains that the court, in charging the excerpt quoted in this ground, did not make a fair, full, and complete statement of the contentions of the Bank of Commerce, and the fourth ground, which alleges that a new trial should be granted because the trial judge wholly failed to instruct the jury as to the burden of proof with reference to movant's mortgage, are both without merit.

*Judgment affirmed. All the Justices concur.*