19672. FOLDS *et al.* v. CITY COUNCIL OF AUGUSTA, for use, etc.

828

*W. Inman Curry,* for plaintiffs in error.

*Peebles & Bowden,* contra.

Jenkins, P. J. The instant suit was brought in the name of the City Council of Augusta, for the use of Griffin, on a bond executed to the City Council of Augusta, by Folds as principal and another as surety, reciting the issuance of a license by the City Council of Augusta to Folds to "run or work a dray, cart, wagon, or auto-truck," and conditioned upon the principal and surety named making "good all damages to persons or property that may happen through the carelessness or other improper conduct of the driver" of such vehicle, and conforming "to all rules and regulations of the city council respecting drays, carts, wagons, and auto-trucks, in the manner pointed out and required by the ordinances of the city." It was alleged that Griffin, while walking on the sidewalk and street, was struck and injured by reason of negligence on the part of Folds and the driver of the licensed vehicle, and that at the time of the injury the vehicle was being operated in violation of a city ordinance, as set out in the declaration. There was no demurrer to the petition. On the trial the jury found in favor of the plaintiff in the sum of $400, and the defendants except to the order overruling their motion for a new trial.

Carelessness and negligence are synonymous terms. *Southern Ry. Co.* v. *Horine,* 121 *Ga.* 386 (49 S. E. 285). The condition of the bond sued on which rendered the defendants liable for damages on account of "carelessness or other improper conduct" in the operation of the licensed vehicle, reasonably construed, covered injuries resulting from negligence in such operation. Accord-

ingly, the charge of the court that the plaintiff alleged certain damage which he contended occurred by reason of the negligence of the defendant, that the suit was based upon such alleged acts of negligence, and if the plaintiff recovered at all it must be upon the acts of negligence alleged and proved, was not erroneous for the reason that the condition of the bond did not cover injuries resulting from negligence. Nor was such charge calculated to confuse the jury or mislead them.

■ In view of the evidence for the plaintiff as to the speed at which the vehicle struck the pedestrian, who was in full view on the sidewalk, and, after running over him and dragging him some ten steps, was brought to a stop by striking a tree, the jury would have been authorized to find that the failure of the driver to stop the vehicle before striking the pedestrian was due to his inability to do so. It can not be said, therefore, that the charge of the court with reference to the allegations of the petition, that "the plaintiff contends that the defendant was negligent in operating a truck and without any brakes and without proper brakes," was unauthorized by the evidence.

■ Whether or not the city ordinance which it was alleged was violated by the defendant was invalid, as being so vague, indefinite, and uncertain as to be unenforceable (*Jones* v. *State*, 151 *Ga.* 502, 506, 107 S. E. 765), the ordinance was set forth in the declaration, to which no demurrer was interposed, and was introduced in evidence without objection. It was, therefore, proper for the court to charge upon its legal effect. *Georgia Railroad* v. *Lawrence*, 74 *Ga.* 534; *Satterfield* v. *Medlin*, 161 *Ga.* 269, 278 (130 S. E. 822); *Gainesville &c. R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (4) (87 S. E. 1093); *Ga. Ry. &c. Co.* v. *Belole*, 20 *Ga. App.* 454, 457 (93 S. E. 62).

■ The violation of a valid municipal ordinance is negligence per se, as to one injured by reason thereof, and the court did not err in so charging the jury. *Central of Ga. Ry. Co.* v. *Bond*, 111 *Ga.* 13 (7), 17 (36 S. E. 299).

■ The verdict in favor of the plaintiff is authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*