### 19849. CLACKUM *et al.* v. BAGWELL.

JENKINS, P. J. 1. In a suit for damages against a married woman and her minor son, where the alleged liability of the mother was predicated upon the theory that the mother and son were engaged in the joint enterprise of breaking an unruly horse, and were jointly guilty of the acts of negligence set forth in the petition, and where the evidence for the plaintiff was to the effect that the mother and son were jointly engaged in such enterprise, and the testimony of the mother was to the effect that the son, who was about sixteen years of age, owned the horse, and that when he "first hitched up the horse I was in the garden and I thought I would go out there and see if the horse would be safe for him, and I went out there with him and I went around with him there on one street," that she said to the plaintiff, who was in the street, "You go on back, we are trying this horse out, and you know a lot of

horses will balk, and it might hurt you," and that she "wanted to see if it would balk and see if it was safe for him to drive," it was not error to charge the jury that, "under the evidence in the case, if there is any liability against either of these defendants, there is a liability against both of them."

2. Where there was proof going to show that the plaintiff, at the time she was injured by reason of the horse running over her, was standing upon a sidewalk in a city, and one of the acts of negligence charged by the petition was the alleged driving of the horse upon the sidewalk, in violation of a city ordinance, and such ordinance was admitted in evidence without objection, it was not error for the court to charge upon the validity and legal effect of the ordinance, even though the evidence indicated that the driving of the horse on the sidewalk was unintentional on the part of the driver, where the court expressly instructed the jury that if such act was unintentional it would constitute no violation of the ordinance. See, in this connection, *Georgia Railroad* v. *Lawrence*, 74 *Ga.* 534; *Satterfield* v. *Medlin*, 161 *Ga.* 269, 278 (130 S. E. 822); *Gainesville &c. R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (4) (87 S. E. 1093); *Georgia Ry. &c. Co.* v. *Belote*, 20 *Ga. App.* 454, 457 (93 S. E. 62).

3. The verdict in favor of the plaintiff for $156.45, the amount of the expense alleged and proved to have been incurred by her in treating the injuries received, was authorized by the evidence, and it can not be here set aside for any reason assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 29, 1930.

*Dorsey & Burlz,* for plaintiffs in error. *Gordon M. Combs,* contra.