### INTGES et al. v. PEOPLE'S FINANCE & THRIFT CO.

No. 2613.

Court of Civil Appeals of Texas. El Paso.

Dec. 31, 1931.

E. Bruce, of Goose Creek, and C. W. Bell, of Houston, for appellants.

Gill, Jones & Tyler and Albert B. Wallace, all of Houston, for appellee.

HIGGINS, J.

Appellee brought this suit against appellants to recover upon four promissory notes dated March 29, 1929, executed by appellants to the order of C. C. McMullen and to foreclose a chattel mortgage securing the notes.

Appellants answered, setting up a failure of consideration, in that the notes were executed in payment for an Orchestrope sold and delivered to defendants by McMullen, under a guaranty and warranty the same was a new machine and of new model which would function perfectly; that in fact the same was an old, second-hand machine, was not in good working order, would not function or operate, and was worthless; that McMullen had promised to replace the same with a new machine, and had failed to do so.

Upon trial without a jury, the court found that plaintiff was a holder in due course, and rendered judgment in its favor.

Appellants attack the finding indicated. No question is raised as to the negotiable quality of the notes, but it is insisted appellants were charged with notice of the infirmity in the same.

The facts upon this issue are as follows:

Thomson, appellee's president, testified that "Mr. McMullen called at our office prior to March 29th and asked if we would be interested in purchasing a note, issued by a café covering the purchase of an orchestrope—approximately $1,200.00; he asked me this question in as much as there was some doubt in his mind as to our becoming willing to buy a note so much greater than we had previously purchased, and I told him it would all depend upon who the maker of the note was and if their credit was satisfactory then I thought we could arrange for the purchase all right and I would let him know about it, and I secured a report on it duly, and in due course of business advised him we would purchase the note. * * * The purchase of this class of notes is the usual business of the company I represent. I did not have any knowledge or any facts from which I might infer that the orchestrope which was the consideration for those notes was unsatisfactory in any way. * * * Mr. McMullen did not consult with me about the purchase of this orchestrope by the defendants, but he did consult with me about the purchase of the notes, as I stated. I knew what the notes were going to be given for, for an orchestrope. I have stated that Mr. McMullen owed us at the time he consulted me. * * * The notes in question here were executed March 29, 1929, and we bought them on March 30, 1929."

■■ This testimony is wholly insufficient to have placed appellee upon inquiry. There is no evidence that it knew McMullen had contracted to deliver a new machine or had

given any guaranty or warranty in connection with it. Even if appellee had known of such warranty, it would still be regarded as a holder in due course, unless it was shown that it had notice of a breach of the warranty at the time it purchased.

The evidence here simply shows that appellee, at the time it purchased the notes, knew they were given in consideration of an executory agreement of the payee. It is universally held that such knowledge alone is insufficient to deprive an indorsee of the character of a holder in due course. 8 C. J. 509, § 718; 3 R. C. L. 1067; Hamilton-Turner, etc. v. Hander (Tex. Civ. App.) 253 S. W. 833; Mountjoy v. Bank (Tex. Civ. App.) 12 S.W. (2d) 609.

The cases cited by appellant in this connection have no application to the present facts. For this reason, it is unnecessary to discuss the same.

The action of the court in overruling the motion to quash the garnishment issued in the case presents no error. Brownwood Gas Co. v. Belser (Tex. Civ. App.) 257 S. W. 605; Burge v. Beaumont Carriage Co., 47 Tex. Civ. App. 223, 105 S. W. 232; Seaboard Air-Line Ry. v. Hutchinson, 4 Ga. App. 526, 62 S. E. 97.

Affirmed.