## 28875. TURNER *v.* THE STATE.

*William H. Agnor,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

MacINTYRE, J. Riley Turner was convicted of violating Code, § 26-7704, which provides: "Any person who shall wilfully, carelessly, or negligently set on fire, or cause to be set on fire, any woods, lands, or marshes, so as to cause loss or injury to another, shall be guilty of a misdemeanor." His motion for new trial was overruled and he excepted. Only the general grounds of the motion were urged, the special ground being abandoned.

So far as our search has revealed this is the first occasion calling for a construction of Code, § 26-7704, supra. In order to arrive at legislative intent we will look to the history of the legislation on this subject. The Supreme Court in *Acree* v. *State,* 122 *Ga.* 144, 148 (50 S. E. 180) (which decision was rendered under the law as it now exists), pointed out that this section affords ample protection not only against wilful setting out of a fire, but also against careless or negligent firing of lands where damages occur to an adjacent landowner. Under the act of 1816 (Ga. L. 1816, 190), it was a misdemeanor for any one *wilfully and maliciously* to set on fire or cause to be set on fire, any woods, lands, or marshes within this State, so as thereby to occasion loss, damage, or injury to any other person. See Cobb's Penal Code, 1850, 173; Cobb's New Digest, 1851, p. 824. This law continued to appear in its original state in the subsequent Codes of Georgia, 1863, 1867, 1873, 1882, until 1895. This section of the Code was amended by the act of 1898 (Ga. L. 1898, p. 60) and in the Penal Code of 1910, § 748, the words "and maliciously" were stricken and "carelessly or negligently" were substituted, thus showing a legislative intent to make it a misdemeanor for one *negligently or carelessly* to set on

fire or cause to be set on fire any woods, lands, or marshes so as to cause loss or injury to another. The State relies for a conviction of the defendant solely on the theory that the defendant carelessly set on fire, or caused to be set on fire, the lands of one P. C. Clemons. It is provided in Code, § 102-103, that "negligently" and "carelessly" are synonymous. See also *Southern Ry. Co.* v. *Horine,* 121 *Ga.* 386 (49 S. E. 285) ; *Folds* v. *Augusta,* 40 *Ga. App.* 827 (151 S. E. 685). What then is in legal contemplation the meaning of the words "carelessly or negligently" as used in the present statute? A misdemeanor shall consist "in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or *criminal negligence."* Code, § 26-201. Thus, here the State in effect relies upon criminal negligence. "Criminal negligence is something more than ordinary negligence which would authorize a recovery in a civil action. Criminal negligence as used in our Code is the reckless disregard of consequences, or a heedless indifference to the rights and safety of others, and a reasonable foresight that injury would probably result." *Cain* v. *State, 55 Ga. App.* 376 (190 S. E. 371). Thus, we think the issue resolves itself into the question whether the defendant in the instant case was guilty of criminal negligence as defined above.

The evidence for the State (most of which was the testimony of witnesses to whom the defendant had related the event), construed most favorably to upholding the verdict, showed that the fire was started at the instance of the defendant by his little girl eight or ten years old. It burned over 100 acres of land, timber, an empty house, a barn, seven or eight cords of wood, and a pasture fence, all amounting in value to about $1000. The two acres of land originally planned to be burned by the defendant was plowed around for about twenty or thirty feet, across which a fire could not ordinarily burn. The empty house was likewise plowed around. The defendant was plowing in a field about two or three hundred yards distant from where he told his little girl to set out the fire. The wind was blowing very hard that day, and the fire got away from the little girl. The defendant went over and thought he had put the fire out, and went back to his plowing, but later when he looked around the fire had caught up again and had crossed into the sage field. He did all that he could to put the fire out.

We do not think that this evidence authorized a finding that the acts of the defendant amounted to criminal negligence as contemplated by the statute. The defendant is entitled to a new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*